This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-Defendant Jermaine Wheeler has appealed from a judgment of the Summit County Court of Common Pleas which found him to be an habitual sexual offender. Because the trial court's finding is contrary to law, this Court must reverse.
 I
Wheeler pleaded guilty to one count of rape of a person younger than thirteen, in violation of R.C. 2907.02(A)(1)(b), and was sentenced to serve a definite term of eight years. A sexually oriented classification hearing was held, after which the lower court found Wheeler to be an habitual sexual offender.[1]
Wheeler has timely appealed the habitual sexual offender classification, and has assigned one error for this Court's review.
 II ASSIGNMENT OF ERROR The trial court's adjudication of [Wheeler] as a habitual sexual offender was not supported by sufficient evidence.
In his sole assignment of error, Wheeler has asserted that the trial court's adjudication of him as an habitual sexual offender is not supported by sufficient evidence because he did not have a prior conviction for a sexually oriented offense. The state has conceded that the trial court's label of habitual sexual offender was in error. The state requests this Court to remand this case to the trial court to determine whether Wheeler should be labeled either a sexual predator or a sexually oriented offender.
The law states that in order to label a defendant an "habitual sex offender," the trial court must find that the defendant (1) is convicted of or pleads guilty to a sexually oriented offense, and the defendant (2) has previously been convicted or pleaded guilty to a sexually oriented offense. R.C. 2950.01(B). Both the state's witness and Wheeler testified at the hearing that Wheeler did not have any prior sexually oriented offense convictions. Accordingly, while the trial court could have determined whether Wheeler was a sexual predator, the court, as a matter of law, could not have labeled Wheeler an habitual sexual offender.[2]
Wheeler's sole assignment of error is sustained.
The state's request to remand the case for a determination of whether Wheeler is a sexual predator must be denied. A full hearing was held on the matter of Wheeler's sexual offender classification and the trial court stated: "[A]fter hearing the evidence in this case, at this point [the court] is not going to find [Wheeler] a sexual predator[.]" This Court cannot remand the case for a second attempt to have Wheeler adjudicated a sexual predator simply because the trial court erred in finding that he is an habitual sexual offender.
Because Wheeler pled guilty to a sexually oriented offense, as a matter of law he is a sexually oriented offender. R.C. 2950.01(D). Accordingly, the matter is remanded to the trial court for the sole purpose of informing Wheeler of his reporting requirements pertaining to his sexually oriented offender status.
 III
The judgment of the trial court is reversed.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BATCHELDER, P.J., CARR, J. CONCUR.
[1] This Court notes that the sexually oriented offender classification hearing in this case was held after sentencing, although the law requires the hearing to be held prior to sentencing. R.C. 2950.09(B)(1). The record before this Court does not indicate whether the parties had agreed to the delay, and the issue has not been raised on appeal.
[2] The Supreme Court of Ohio has specifically recognized that a conviction for one sexually oriented offense can be enough to support a sexual predator adjudication. State v. Eppinger (2001), 91 Ohio St.3d 158,167. See, also, State v. Linscott (Oct. 31, 2001), Summit App. No. 20525, unreported, at 10-12.