This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Alex Ford, Jr., appeals the decision of the Summit County Court of Common Pleas, that designated him a sexual predator under R.C. 2950.09. This Court affirms.
 I. {¶ 2} In 1986, appellant pled guilty to three counts of rape, one count of attempted rape, four counts of aggravated burglary, four counts of aggravated robbery, and one count of felonious assault. He has been imprisoned since. Pursuant to a recommendation by the Department of Rehabilitation and Correction, the trial court held a sexual offender classification hearing on March 28, 2002. The trial court determined that appellant is a sexual predator.
 {¶ 3} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 4} "THE STATE DID NOT PRODUCE EVIDENCE TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT ALEX FORD, JR. IS A SEXUAL PREDATOR."
 SECOND ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ERRED WHEN IT FOUND ALEX FORD, JR. TO BE A SEXUAL PREDATOR AS THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} In his two assignments of error, appellant argues that the evidence presented during the sexual classification hearing was insufficient to show by a clear and convincing standard that he is a sexual predator and the classification was against the manifest weight of the evidence. This Court disagrees.
 {¶ 7} In State v. Unrue (Dec. 18, 2002), 9th Dist. No. 21105, ¶ 7, this Court set forth the standard of review to be applied in sexual predator adjudications:
 {¶ 8} "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard. That is, a sexual predator adjudication will not be reversed if there is `some competent, credible evidence' to support the trial court's determination. See State v. Groves, 7th Dist. No. 853, 2002 Ohio 5245, at ¶ 41 (`We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence.' (Citations omitted.)); State v. Gibson, 4th Dist. No. 01CA19, 2002 Ohio 5232, ¶ 9."
 {¶ 9} R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified a sexual predator (1) a person must be convicted of a sexually oriented offense and (2) the State must prove by clear and convincing evidence that the defendant is likely to be a repeat sexual offender. R.C. 2950.01(E)(1). Appellant does not aver that he was not convicted of a sexually oriented offense. Therefore, the only issue to be resolved by this Court is whether the state failed to prove by clear and convincing evidence that appellant is likely to commit another sexually oriented offense.
 {¶ 10} In determining whether an offender is likely to commit another sexually oriented offense, i.e., is a sexual predator, R.C.2950.09(B)(3) requires the trial court to consider all relevant factors including, but not limited to:
 {¶ 11} "(a) The offender's *** age;
 {¶ 12} "(b) The offender's *** prior criminal *** record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed *** involved multiple victims;
 {¶ 15} "(e) Whether the offender *** used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender *** previously has been convicted of or pleaded guilty to *** a criminal offense, whether the offender *** completed any sentence *** imposed for the prior offense *** and, if the prior offense *** was a sex offense or a sexually oriented offense, whether the offender *** participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender[;]
 {¶ 18} "(h) The nature of the offender's *** sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender ***, during the commission of the sexually oriented offense for which sentence is to be imposed ***, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's *** conduct."
 {¶ 21} Appellant contends that the State did not present sufficient evidence for the trial court to determine by clear and convincing evidence that he should be designated a sexual predator. This Court disagrees.
 {¶ 22} As an initial matter, this Court rejects appellant's contention that a single sexually oriented offense cannot support a sexual predator classification. This Court has previously upheld sexual predator adjudications premised on a single sexually oriented offense. See, e.g., State v. Shepherd, 9th Dist. No. 20364, 2002- Ohio-455, appeal not allowed (2002), 95 Ohio St.3d 1486; State v. Malin (Dec. 30, 1998), 9th Dist. No. 97CA006898; State v. Simmons, 9th Dist. No. 20645, 2002-Ohio-456; State v. Charlton (Mar. 21, 2001), 9th Dist. No. 20181. Furthermore, appellant's reliance on State v. Eppinger (2001),91 Ohio St.3d 158 is misplaced. Although the court in Eppinger noted that "one sexually oriented conviction, without more, may not predict future behavior," it also conceded that "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Eppinger, 91 Ohio St.3d at 162, 167.
 {¶ 23} Appellant seems to argue that the trial court erred by not specifically mentioning each of the factors set forth in R.C. 2950.09(B)(3) in its journal entry. While it is true that in making the determination whether a defendant is a sexual predator, all relevant factors including those listed in R.C. 2950.09(B)(3) are to be considered, the court is not required to mention the factors in its decision. State v. Hoagland, (April 11, 2001), 9th Dist. No. 20262. The trial court does not need to demonstrate every factor before it can adjudge a defendant a sexual predator. State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio 2203, at ¶ 24. When viewed in its entirety, the record makes it clear that the trial court fully complied with R.C. 2950.09(B)(3).
 {¶ 24} The facts of this case clearly and convincingly support the trial court's finding that appellant be designated a sexual predator. There were multiple victims, older in age, demonstrating a pattern of abuse. R.C. 2950.09(B)(3)(c), (d), and (h). Appellant displayed cruelty while committing the sexual assaults. In one instance, appellant refused the victim her heart medication. Appellant told another victim that someone else was coming to her assault her. One of the attacks took place in front of a bed-ridden witness who was helpless to prevent the attack. R.C. 2950.09(B)(3)(i). In addition, appellant carried a deadly weapon during each of the attacks. R.C. 2950.09(B)(3)(j).
 {¶ 25} Based on the record as a whole, this Court finds that the State met its burden of proving by clear and convincing evidence that appellant is likely to commit another sexually oriented offense. The trial court did not err in adjudicating appellant a sexual predator.
 III. {¶ 26} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
 {¶ 27} The Court finds that there were reasonable grounds for this appeal.
 {¶ 28} We order that a special mandate issue out of this Court, directing the , County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
 {¶ 29} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
WHITMORE, J. and BATCHELDER, J., concur.