[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Arthur Goshade appeals from the judgment of the trial court classifying him as sexual predator. In 1996, Goshade pleaded guilty to three counts of gross sexual imposition.[1] Count one involved sexual contact with a grandniece in March of 1995. The two other counts involved sexual contact with a different grandniece in December 1991 and March 1995. Both girls were under the age of thirteen at the time of the offenses. Goshade was convicted on all counts.
While serving his six-year prison sentence, Goshade was brought back before the trial court for a sexual predator hearing pursuant to R.C.2950.09. Seven exhibits were marked and admitted into evidence including (1) the Ohio Department of Rehabilitation and Correction's screening and pre-sentence investigation report; (2) a victim impact statement from the victims' mother; (3) the defendant's local and national criminal record; (4) the grand jury transcript; (5) Central Clinic psychological evaluations dated June 19, 1996 and September 9, 1996; (6) the indictment; and (7) a House Bill 180 packet from the Ohio Department of Rehabilitation and Correction which included (a) an institutional summary report; (b) an offense record; (c) an assignment record; (d) certificates of achievement and participation in a stress management program and a program dealing with responsible taking of medications dealing with psychiatric diseases; (e) a 1997 sex offender assessment by a prison psychologist and (f) other department of correction's reports. After considering the exhibits presented, excluding the grand jury transcript, and the testimony of defendant-appellant, the court found Goshade to be a sexual predator.
In his first assignment of error, Goshade challenges R.C. 2950, etseq., as violative of the United States Constitution and the Ohio Constitution. Goshade's arguments have been discussed and rejected in various opinions upholding the constitutionality of the statute. Statev. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, cert. denied
(2000), 531 U.S. 902, 121 S.Ct. 241; State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570, cert. denied (1999), 525 U.S. 1182,119 S.Ct. 1122; State v. Lance (Feb. 13, 1998), Ham. App. Nos. C-970301, C-970282-283, (unreported), aff'd. in part without opinion,84 Ohio St.3d 17, 701 N.E.2d 692. Based upon this authority, we overrule the first assignment of error.
In his second assignment of error, Goshade argues that the trial court erred in finding him to be a Sexual Predator. Goshade challenges the weight and sufficiency of the evidence, as well as the trial court's admission and use of the grand jury transcript as evidence at the hearing.
In making its determination, the trial court followed the correct procedures and weighed the relevant factors. See R.C. 2950.09(B)(1) through (3); State v. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. While the court admitted the grand jury testimony into evidence, the court decided not to consider it for various reasons and stated so on the record. We find nothing in the record to rebut the presumption that the trial court considered only competent, relevant and material evidence in rendering its decision. See State v. Batson (1999), 85 Ohio St.3d 418,709 N.E.2d 128.
After reviewing the record, we find sufficient, credible evidence to support the trial court's finding that Goshade was "likely to engage in the future in one or more sexually oriented offenses." Goshade had sexual contact, on multiple occasions, with two grandnieces under the age of thirteen. Goshade did not take full responsibility for his sexual abuse of his grandnieces until the sexual predator hearing. Goshade did not develop a sufficient relapse prevention plan to help him curtail his sexual offending behaviors. He was not offered a rehabiliatory program for sex offenders in prison and did not offer to the trial court any plans to participate in such a program upon release from prison. Finally, Goshade suffers from major depression with psychotic features. Accordingly, the assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] Three other counts of gross sexual imposition were dismissed as part of the plea agreement.