[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Keith Tye appeals the trial court's adjudication that he is a sexual predator pursuant to R.C. Chapter 2950. Tye's classification as a sexual predator stemmed from a bench trial in October 1990 in which he was convicted of abducting, physically assaulting, robbing, and raping a fifty-two-year-old woman. Tye was sentenced as appears of record.
At a November 1, 2000, classification hearing, held before a different judge than the sentencing judge, Tye was found to be a sexual predator and was ordered to register upon release from prison.[1] Tye now objects to this classification, claiming that insufficient evidence was presented to support the trial court's finding that he is likely to commit another sexually-oriented offense.
To obtain a sexual-predator adjudication, the state must prove by "clear and convincing" evidence that the offender (1) has pleaded guilty to or has been found guilty of a sexually-oriented offense and (2) is "likely to engage in the future in one or more sexually-oriented offenses."[2] It is uncontested in this case that Tye was found guilty of rape and felonious assault, which are sexually-oriented offenses.[3]
Thus the issue is whether the record established that Tye is likely to commit another sexually-oriented offense in the future.
In State v. Eppinger,[4] the Ohio Supreme Court set forth a model procedure for sexual-offender-classification hearings that calls for the trial court to (1) provide a record for appellate review that bears upon whether the offender is likely to recidivate; (2) consider the R.C. 2950.09(B)(2) factors and discuss how the evidence relates to those factors; and (3) permit the admission of expert testimony, where required, to assist the court in making its adjudication.[5] We review sexual-predator adjudications under a civil standard where quantitative and qualitative distinctions between sufficiency and weight of the evidence are not recognized.[6]
At the classification hearing, the state offered into evidence the indictment, Tye's criminal record, a Polaris discharge summary report, a 1990 psychological evaluation, a letter written by the state to the Ohio Parole Board objecting to Tye's early release from prison, the entire record of the case, and a statement of facts given at the time the case was resolved. This evidence showed that Tye had abducted a fifty-two-year-old woman whom he repeatedly raped in a hotel room. When he had finished forcefully raping her, Tye bound and gagged the victim before further assaulting her. Tye then rummaged through her purse and took her car keys, her ring, and her watch before leaving in her car.
To support his claim that he was rehabilitated, Tye submitted evidence that he had graduated from the Polaris program, received certificates of training for sex education, anger management, and other courses, obtained his high-school diploma and an associate degree from Wilmington College, and logged many hours mentoring and tutoring youths. Neither Tye nor the state sought to obtain a current psychiatric or psychological examination.[7] The trial court found that Tye was a sexual predator because of the great number of violent offenses that Tye had committed over the past twenty years, because he had raped his victim multiple times in a violent manner, and because the parole board had denied his request for parole.
After reviewing the record in its entirety, we hold that although the trial court could have discussed its findings and the evidence supporting them more comprehensively, it, nonetheless, had sufficient evidentiary material before it to produce a firm conviction or belief that Tye was likely to commit another sexual offense. Consequently, the court was entitled to find by clear and convincing evidence that Tye is a sexual predator.[8]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] R.C. 2950.09(C) and 2950.04(A)(1).
[2] R.C. 2950.01(E).
[3] R.C. 2950.01(D).
[4] (2001), 91 Ohio St.3d 158, 166-167, 743 N.E.2d 881, 888.
[5] See id.
[6] See State v. Hunter (June 1, 2001), Hamilton App. No. C-000266, unreported.
[7] See, e.g., State v. Glover (Feb. 16, 2001), Hamilton App. No. C-000396, unreported.
[8] R.C. 2950.09(B).