JOURNAL ENTRY and OPINION
Anthony Johnson appeals from the Cuyahoga County Court of Common Pleas' finding that he is a sexual predator stemming from his 1991 rape conviction. Johnson assigns the following as error for our review:
 The evidence is insufficient as a matter of law to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses. Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow. On May 14, 1991, a Cuyahoga County Grand Jury indicted Johnson on ten counts of rape and five counts of gross sexual imposition for conduct spanning a five-month period of time. The victim was the five-year-old son of Johnson's live-in girlfriend. Johnson pleaded guilty to one count of rape and the court nolled all other charges.
On October 23, 2001, the State requested the court hold a sexual predator hearing. Following the hearing, on January 7, 2001, the court adjudicated Johnson a sexual predator. This appeal follows.
In his sole assigned error, Johnson argues the trial court failed to find, by clear and convincing evidence, that he is likely to commit future sexually-oriented offenses and thus is not properly classified a sexual predator. We disagree.
As Johnson posits, the trial court must determine by clear and convincing evidence that the offender is a sexual predator.[1] Clear and convincing does not mean clear and unequivocal; rather, it refers to that measure or degree of proof which will produce in the mind of the trier of the fact a firm belief or conviction as to the facts sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases.[2] As a reviewing court, we must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.[3]
The Ohio Revised Code defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses.[4] Here, Johnson pleaded guilty to rape, a sexually-oriented offense pursuant to R.C. 2950.01(D)(1). Thus, the sole issue for our review is whether the court properly determined, by clear and convincing evidence, that Johnson will commit sexually oriented offenses in the future.
In State v. Eppinger, the Ohio Supreme Court set forth the following model for reviewing a trial court's sexual classification hearing. First, the court must create a clear and accurate record for appellate review; second, the court must permit either side to present expert testimony which may aid the court in its determination; and third, the trial court should consider the statutory factors listed in R.C.2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.[5]
R.C. 2950.09(B)(2) lists the following factors:
 (a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including sex offenses;
(c) The age of the victim;
(d) Whether the offense involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim or prevent the victim's resistance;
 (f) Whether the offender completed any prior sentence and, if the prior offense was a sex offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or disability of the offender;
 (h) The nature of the offender's sexual activity with the victim and whether it was part of a demonstrated pattern of abuse;
(i) Whether the offender displayed or threatened cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In making its determination, the court is not required to list all criteria on the record; however, it is bound to consider all relevant factors so as to ensure a fair and complete hearing for the offender.[6]
Adhering to the guidelines set forth in Eppinger, we note the trial court created a clear and accurate record of the proceedings and did not deny either party presentation of expert testimony.
Thus, the final query is whether the trial court properly considered the relevant R.C. 2950.09(B)(2) factors. We hold that it did.
The hearing transcript reveals the trial court heard evidence pertaining to each factor listed in R.C. 2950.09(B)(2). First, on twenty occasions over the course of five months, Johnson forced the five-year-old son of his live-in girlfriend to perform oral sex on him to the point of ejaculation. Second, Johnson entered, but failed to complete, a treatment program for sex offenders. Further, the court considered Johnson's admission which was read into evidence by the prosecution. It stated, I kept trying to stop. I kept telling myself this was wrong and I shouldn't do this because I know what I went through when I was younger. And I know how I turned out. But I couldn't stop. And I'm glad I could get help for it now.
The age of the victim, the duration and frequency of the sexual offenses, the nature of the offenses, and Johnson's own feelings that he could not stop preying on his victim weigh heavily on R.C. 2950.09(B)(2) factors. In reviewing the record, we determine the trial court fully complied with the guidelines set forth in Eppinger, and determined by clear and convincing evidence that Johnson is likely to commit future sex offenses. Accordingly, Johnson's assigned error is without merit. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., and DIANE KARPINSKI, J., CONCUR, PATRICIA ANN BLACKMON PRESIDING JUDGE.
[1] R.C. 2950.09(B)(4).
[2] State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477, 53 O.O. 361,364,120 N.E.2d 118.
[3] Cross, supra.
[4] R.C. 2950.01(E).
[5] Eppinger, supra at 166.
[6] Id. at 166-167.