This cause was heard upon the record in the trial court. Each error error assigned has been reviewed and the following disposition is made: made:
{¶ 1} Appellant, Hassan Sharif, appeals from a judgment entry of the Summit County Court of Common Pleas adjudicating him a sexual predator. We affirm.
 I. {¶ 2} On December 30, 1992, a Summit County grand jury indicted Appellant on one charge of rape in violation of R.C. 2907.02(A)(2), one charge of sexual battery in violation of R.C. 2907.03(A)(6) with a physical harm specification pursuant to R.C. 2941.14.3(A), one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), and sexual battery in violation of R.C. 2907.03(A)(6).
 {¶ 3} Prior to the indictment, Appellant was employed as a police officer by the Akron City Police Department. Appellant's duties included driving a patrol wagon to transport detainees. The charges arose from allegations made by three women who claimed that while they were being transported in the patrol wagon by Appellant, and at a time when they were intoxicated and handcuffed, Appellant raped or otherwise sexually molested them. Initially, Appellant entered a plea of not guilty; however, on April 6, 1993, Appellant changed his plea to guilty on two counts of sexual battery in violation of R.C. 2907.03(A)(6), felonies of the third degree, and on one count of gross sexual imposition in violation of 2907.05(A)(1), a felony of the fourth degree. The charge of rape and the physical harm specification on one count of sexual battery were dismissed. On May 12, 1993, Appellant was sentenced to concurrent sentences of two to ten years on one count of sexual battery, one and one half years on the other count of sexual battery, and one and one half years on the gross sexual imposition.
 {¶ 4} Ultimately, the Department of Corrections and Rehabilitation, acting pursuant to R.C. 2950.09(C)(1), made a recommendation to the trial court that Appellant be adjudicated a sexual predator. The trial court conducted a sexual predator hearing on September 16, 2002. A transcript of the hearing indicates that the prosecutor called the investigating police officer as a witness, and that the officer testified that three different women at different times made allegations that Appellant raped or sexually molested them while they were intoxicated, handcuffed, and in the process of being transported in the patrol wagon. The investigating officer further stated that, at the time of the offenses, the women were in the control and custody of Appellant. The investigating officer was the sole witness called.
 {¶ 5} At the conclusion of the investigating officer's testimony, Appellant offered mitigating circumstances for consideration: (1) that he had no way of foreseeing a sexual predator designation as a consequence at the time he pled guilty; (2) that at the time the charges were brought, there were questions about the credibility of the victims; (3) that he was a model prisoner; (4) that while imprisoned, he obtained a college degree; (5) that he has no prior criminal record; and, (6) that a sexual predator designation would interfere with his ability to rebuild his life and support his family.
 {¶ 6} In response, the prosecutor acknowledged that Appellant had no prior criminal history and that during his imprisonment he was a model prisoner. However, the prosecutor posited that there were multiple victims, that Appellant took advantage of their state of intoxication, and that Appellant chose his victims precisely because they were in a vulnerable position and unlikely to be considered credible if they chose to bring charges.
 {¶ 7} The trial court determined that Appellant was a sexual predator, stating,
 "I will note for the record I have considered the factors set forth in the statute, most particularly, the fact this incident did involve multiple victims, there was alcohol involved, and the status that the defendant occupied in this particular case."
 {¶ 8} In the journal entry, the trial court stated,
 "Upon consideration of the factors set forth in R.C. 2950.09, the evidence presented herein, and for reasons put forth on the Court's official record, the Court FINDS by clear and convincing evidence that the Defendant engaged in acts which indicate he is a SEXUAL PREDATOR[.]"
 {¶ 9} Appellant timely appealed.
 II. Assignment of Error "THE TRIAL COURT ERRED WHEN IT ADJUDICATED THE APPELLANT TO BE A SEXUAL PREDATOR."
 {¶ 10} In his sole assignment of error, Appellant argues that only two of the ten factors listed in R.C. 2950.09 can be considered applicable to this case: the facts show a pattern of abuse, and there were multiple victims. Further, Appellant argues that Appellant's conduct was a result of his employment as an Akron police officer, and "because [Appellant] can no longer be a law enforcement officer, he is not likely to reoffend." Further, Appellant claims that "[h]e will no longer be in the position of having complete legal or physical control or authority over women."
 {¶ 11} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). "In making a determination *** as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's or delinquent child's age;
 "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender or delinquent child;
 "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." R.C. 2950.09(B)(3).
 {¶ 12} In order for a sexual offender to be labeled a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to be a repeat sexual offender in the future. Statev. Eppinger (2001), 91 Ohio St.3d 158, 163. The standard of clear and convincing evidence requires a degree of proof that produces a firm belief or conviction as to the allegations sought to be established. Id.
 {¶ 13} "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard." State v.Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, ¶ 6, appeal not allowed, 98 Ohio St.3d 1540, 2003-Ohio-1946. "On appeal, this court must review whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator." State v.Royston (Dec. 15, 1999), 9th Dist. No. 19182, at 20, appeal not allowed (2000), 88 Ohio St.3d 1481.
 {¶ 14} A review of the record shows that the state presented evidence regarding the position of authority and control that Appellant held over his victims. The state also offered evidence of multiple victims, who were all in a state of intoxication and handcuffed. Therefore, we cannot say that the state did not meet its burden of clear and convincing evidence. The evidence presented at the hearing is adequate to produce a firm belief or conviction that Appellant is likely to commit one or more future sexually oriented offenses. Accordingly, Appellant's assignment of error is overruled.
 III. {¶ 15} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
CARR, J. and WHITMORE, J. CONCUR.