OPINION
{¶ 1} Defendant-appellant, Timothy Kolat, appeals his sentence, following a guilty plea, for burglary.
 {¶ 2} On April 4, 2002, a Mahoning County Grand Jury returned an indictment against appellant setting forth one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree.
 {¶ 3} On November 19, 2002, appellant entered into a Crim.R. 11 plea agreement with plaintiff-appellee, State of Ohio. Appellant agreed to plead guilty in exchange for appellee standing silent on sentencing. The trial court accepted appellant's guilty plea and scheduled a sentencing hearing for January 23, 2003. The court sentenced appellant to six years in prison. This appeal followed.
 {¶ 4} Appellant's sole assignment of error states:
 {¶ 5} "The trial court committed reversible error in the imposition of sentence upon appellant."
 {¶ 6} Appellant argues that there were factors which, if taken into consideration, should have prevented him from receiving a prison sentence and made him more amenable to a community control sanction. Specifically, he asserts that in committing the offense, he did not cause or expect to cause physical harm to any person or property. R.C. 2929.12(C). Appellant also maintains that the trial court would not have had to "stretch" to find certain factors that would indicate that he is not likely to commit future crimes. R.C. 2929.12(E)(3),(4), and (5).
 {¶ 7} Appellant was found guilty of burglary, in violation of R.C. 2911.12(A)(2). A violation of that section is a felony of the second degree. R.C. 2911.12(C). A felony of the second degree carries a possible prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). The trial court sentenced appellant to six years.
 {¶ 8} R.C. 2953.08 provides in relevant part:
 {¶ 9} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 10} "(4) The sentence is contrary to law."
 {¶ 11} Since the trial court did not sentence appellant to the maximum prison term allowed for the offense and appellant has previously served a prison term, appellant's only appeal of right is under R.C. 2953.08(A)(1).
 {¶ 12} R.C. 2953.08(G)(2) provides:
 {¶ 13} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 15} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 16} "(b) That the sentence is otherwise contrary to law."
 {¶ 17} Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954),161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus, as:
 {¶ 18} "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." See, also, State v. Eppinger (2001),91 Ohio St.3d 158, 164, 743 N.E.2d 881.
 {¶ 19} In this case. the trial court's sentence was clearly and convincingly supported by the record and not contrary to law. As the trial court noted, there were factors that made appellant's offense more serious than conduct normally constituting the offense. The victim suffered serious economic harm. Appellant committed the crime in order to support a drug habit, also an illegal activity. There was no evidence to support any of the factors that made appellant's offense less serious than conduct normally constituting the offense. Under the recidivism factors, the court noted factors indicating that appellant is likely to commit future crimes. Appellant has an extensive criminal history dating back to 1979 that includes numerous felonies and burglary and other theft related convictions. Appellant has not responded favorably to sanctions previously imposed in adult court. Appellant has a pattern of drug abuse related to the offense. The court also noted its belief that appellant showed no genuine remorse. The court found no factors indicating that recidivism would be less likely. Lastly, considering all of the aforementioned factors, it is clear that appellant was not amenable to a community control sanction. As the court noted, community control sanctions would demean the seriousness of the offense, and would not adequately punish appellant and protect the public from future crime.
 {¶ 20} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 21} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Vukovich, J., concur.