DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Maumee Municipal Court, Lucas County, classifying appellant, Aaron Pfleghaar, as a habitual sex offender subject to community notification for life pursuant to R.C. 2950.09. Because we conclude that the trial court failed to provide sufficient support on the record for its judgment we vacate and remand for a new classification hearing in accordance with this decision.
 {¶ 2} Appellant pled guilty to three misdemeanor sexually oriented offenses, Attempted Importuning, Public Indecency, and Criminal Child Enticement. On August 9, 2005, a classification hearing was held to adjudicate whether or not appellant should be deemed a habitual sex offender, pursuant to R.C. 2950.09. The trial court determined that appellant was a habitual sex offender subject to community notification for life, stating:
 {¶ 3} "I will [inaudible] statute [inaudible] hearing held this date on the issue of whether the defendant is, in fact, a habitual sexual offender. Considering the offenses herein as well as the prior offense in Toledo, I'm making the finding that he is, in fact, a habitual sexual offender and shall be required to register as such. Community notification will also be required. Defendant's also ordered to provide a DNA sample as provided by law." When the prosecutor inquired if there was "any period set for the notification", the court responded, "It will be for life."
 {¶ 4} Appellant asserts that the record fails to support the trial court's finding that appellant is a habitual sexual offender subject to community notification for life. R.C. 2950.09
provides for classification hearings to determine whether or not to classify a sexual offender as a sexual predator or a habitual sex offender.
 {¶ 5} It is important to note the distinction between a "sexual predator" and a "habitual sex offender". A sexual predator, under R.C. 2950.01(E)(1), is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." Classification hearings to determine sexual predator status are controlled by R.C.2950.09(B) and (C). When determining whether an offender is "likely to engage in the future in one or more sexually oriented offenses", R.C. 2950.09(B)(3) provides a non-exhaustive list of relevant factors the judge may consider in reaching a decision. As required by section (B)(4), upon adjudicating an offender as a sexual predator, the judge is required to specify on the record that their determination was made pursuant to division (B). Conversely, a habitual sex offender, under R.C. 2950.01(B), is defined as,
 {¶ 6} "* * * a person to whom both of the following apply:
 {¶ 7} "(1) The person is convicted of or pleads guilty to a sexually oriented offense."
 {¶ 8} "* * *"
 {¶ 9} "(2)(a) * * * [T]he person previously was convicted of or plead guilty to one or more sexually oriented offenses * * * regardless of when the offense was committed and regardless of the person's age at the time of committing the offense."
 {¶ 10} Habitual sex offender classification hearings are governed by a different section of the statute, R.C. 2950.09(E), which states, "If a person is convicted of or pleads guilty to committing, * * * a sexually oriented offense * * * the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to * * * a sexually oriented offense * * * and is a habitual sex offender." R.C. 2950.09(E)(2) further proscribes that if a defendant satisfies all criteria for being a habitual sex offender, then "the offender * * * is a habitual sex offender * * * and the court shall determine whether to impose a requirement that the offender * * * be subject to the community notification provisions contained in sections 2950.10 and 2950.11
of the Revised Code." As opposed to sexual predator classifications under section (B)(3), section (E) makes no reference as to the factors in which a judge must consider when adjudicating someone a habitual sex offender. Section (E) goes on to say, that upon classification as a habitual sex offender, "the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence * * * that the judge has determined that the offender * * * is a habitual sex offender * * *." There is no provision requiring the judge to specify what factors were analyzed in reaching this determination, or that the decision was made pursuant to a particular section of the Ohio Revised Code.
 {¶ 11} Without an express statutory requirement for a trial judge to explain on the record what factors were relevant in reaching their decision to classify an individual as a habitual sex offender, we turn to Ohio Supreme Court precedent for guidance. In State v. Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247, the Supreme Court of Ohio "adopted a prototype for a `model sexual offender classification hearing' [including both sexual predator and habitual sex offender hearings]. State v.Eppinger (2001) at 166. This model included 1) a thorough review of the record of the offender's original convictions, 2) consideration of the appointment of a psychological expert and 3) consideration of the R.C. 2950.09(B)(2) factors."[1] Statev. Jordan, 6th Dist. No. L-02-1270, 2003-Ohio-3428 at ¶ 21. Because there is no argument concerning the appointment of a psychological expert and because this is not a sexual predator classification hearing under R.C. 2950.09(B), only the first "model requirement" of Eppinger directly applies.
 {¶ 12} The Supreme Court of Ohio found that, not only is the classification of a sexual offender "problematic for the trial court to make, but it is certainly confounding to review on appeal without an adequate record." Eppinger, at 166. The court found that a "clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of potential appeal." Id. Though theEppinger court determined that "R.C. 2950.09 does not require the court to list all criteria, but only to consider all relevant factors in making its findings," the court ought to discuss on the record the particular evidence upon which it relies in making its determination. Id. "Therefore, we are suggesting standards for the trial courts that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender." Eppinger, at 167. Where the majority of case law on the subject concerns the adequacy of the record in sexual predator hearings, we find the Eppinger standards for creating a clear and accurate record apply equally to habitual sex offender hearings. Appellant cites to State v. Gooden, as a comparable instance where a trial court "failed to discuss on the record the evidence and the factors upon which it based its decision [classifying the defendant as a habitual sex offender]." 8th Dist. No. 81320, 2003-Ohio-2864, at ¶ 91. In Gooden, such a failure to create a sufficient record mandated a reversal of the adjudication and the court remanded the case for a new classification hearing. We agree with the court's reasoning.
 {¶ 13} In the case at hand, the trial judge's discussion of evidence and factors considered in adjudicating appellant a habitual sex offender appear to be deficient within the reading of Eppinger. Specifically, we find the trial judge's comments, "Considering the offenses herein as well as the prior offense in Toledo, I'm making the finding that he is, in fact, a habitual sexual offender and shall be required to register as such," an insufficient explanation of the factors considered to create a clear and accurate record for ensuring fair and complete appellate review.
 {¶ 14} Additionally, appellant states that the record was insufficient on the grounds that the imposition of a "for life" requirement of community notification also lacks adequate explanation. R.C. 2950.09(E)(2) leaves the imposition of community notification to the court's discretion and makes no requirement that the judge explain or justify their decision on the record. It logically follows that in requiring the trial court to detail factors considered in adjudicating a sexual offender for the purposes of creating a clear and accurate record for appellate review, there would be an equivalent requirement to detail the factors considered determining the length of community notification, if imposed. Accordingly, appellant's sole assignment of error is well-taken.
 {¶ 15} On consideration, the classification by the Maumee Municipal Court is vacated and remanded for a new classification hearing in accordance with the decision above. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Vacated.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Arlene Singer, P.J. William J. Skow, J. Dennis M. Parish, J.concur.
[1] R.C. 2950.09 was amended effective January 1, 2002. The factors presently listed at division (B)(3) previously were listed at division (B)(2). Therefore, Eppinger's reference to division (B)(2) corresponds to recodified division (B)(3) in R.C.2950.09. S.B. 3.