OPINION
{¶ 1} Defendant-appellant Jerry D. Sweeney appeals the November 9, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, which designated him a sexual predator following an adjudicatory hearing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 28, 2005, the Stark County Grand Jury indicted appellant on five counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, felonies of the third degree. Appellant appeared for arraignment on October 7, 2005, and entered pleas of not guilty to the charges. Appellant subsequently appeared before the trial court, withdrew his not guilty pleas and entered pleas of guilty to all the charges contained in the indictment. The trial court conducted a Crim. R. 11 colloquy with appellant and found his pleas to be knowingly, voluntarily and intelligently made, and found him guilty as charged. Following statements from Hillary Kackley, the victim, and her parents, the trial court sentenced appellant to a period of incarceration of three years on each count. The trial court ordered the terms to run concurrently. Immediately following sentencing, the trial court proceeded to a designation hearing pursuant to R.C. Chapter 2950.
 {¶ 3} The State presented copies of postings listed by appellant on a web internet blog, the Bill of Particulars, and the statements made by appellant to police officers and social workers. The State presented the following facts at the hearing. Appellant was fifty-two years old when he began a relationship with Hillary Kackley, in February, 2004. Hillary was fourteen years old at the time. Appellant continued to engage in sexual with Hillary on a repeated basis for a period of fourteen months. Appellant had offered to tutor and counsel Hillary as he was a friend of her parents. The pattern of abuse included many different types of sexual conduct which numbered forty to fifty incidents which occurred in hotels, homes, cars, and the Red Cross, where appellant met with Hillary to conduct the tutoring sessions. Appellant did not stop the abuse until police and social workers, had been contacted by Hillary's family observed appellant and Hillary. Additionally, after appellant was ordered to not have any conduct with his victim, he posted remarks on an internet blog in which he clearly places the blame on his victim's shoulders and called her "unthinkable things". Tr. at 45. Appellant made another posting on October 19, 2005, two weeks after the trial court released appellant from jail and specifically ordered appellant have no internet access, no contact with anyone under eighteen years of age and no access to sexually explicit materials.
 {¶ 4} The trial court addressed the R.C. 2950.09 factors, noting appellant had no criminal record, the crimes did not involve multiple victims, appellant did not use drugs or alcohol to impair the victim, appellant had no designation of mental illness, and he did not make any displays of threats or cruelty. Counsel for appellant argued there was no evidence of appellant's likelihood to re-offend. Counsel also sought an expert evaluation of appellant. In denying the request for the expert evaluation, the trial court noted R.C. 2950.09 (J) permits the court to consider any additional behavioral characteristics in determining an offender's likelihood to re-offend. The trial court found the age difference between appellant and his victim to be significant as well as the number of contacts. The trial court added appellant violated the duty of an adult to protect children and not to exploit them. The trial court found the depth of Hillary's feelings for appellant indicated the extent to which he took advantage of the girl. The trial court concluded the intensity of the relationship as well as the October 19, 2005 blog posting evidenced appellant's likelihood to re-offend. Specifically, the trial court found the blog posting to be indicative as it showed appellant unable to control himself and his actions despite his arrest, counseling, and the pending plea agreement. The trial court ultimately adjudicated appellant a sexual predator. The trial court memorialized its finding via Judgment Entry filed November 9, 2005.
 {¶ 5} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN REFUSING THE DEFENSE'S REQUEST FOR A SEX OFFENDER EVALUATION (TR-60).
 {¶ 7} "II. THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT SEXUAL PREDATOR (TR-64)."
 I {¶ 8} Appellant maintains the trial court erred in denying his request for an expert to evaluate him in order to make a determination of his likelihood to re-offend.
 {¶ 9} In State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, the Ohio Supreme Court held, "[a]n expert witness shall be provided to an indigent defendant at an R.C. 2950.09 (B) (1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Id at syllabus. TheEppinger Court noted a factor which might assist a trial court in weighing whether to grant a request for an expert evaluation is whether there is a "lack of other criteria to assist in predicting the future behavior of the offender." Id at 166.
 {¶ 10} In the instant action, the trial court weighed a number of factors in making its determination to deny appellant's request for an expert: the victim's age, the age disparity between appellant and his victim, the number of occasions on which the offenses occurred, and appellant's complete disregard of a court order to stay away from the victim. Although appellant asserts he cannot control the victim's statements or feelings, we find the trial court properly found such to be evidence of appellant's propensity to re-offend. Appellant engaged in an inappropriate and obsessive relationship with an adolescent whom he was supposed to be tutoring. The fact the victim thanked appellant for his friendship and blamed herself for the situation is, as the State described, "repellent proof of [appellant's] hold over [the victim]." Brief of Appellee at 8.
 {¶ 11} Because there was sufficient evidence of other criteria from which the trial court could assess appellant's likelihood to re-offend, we find the trial court did not abuse its discretion in denying appellant's request for an expert evaluation.
 {¶ 12} Appellant's first assignment of error is overruled.
 II {¶ 13} In his second assignment of error, appellant contends the trial court erred in designating him a sexual predator. Appellant submits his conduct was not indicative of future sexual behavior. We disagree.
 {¶ 14} Although the offenses involved only one victim, who was not a family member; appellant had no previous criminal record; and appellant did not engage in threatening or violent behavior, we find sufficient evidence to support the trial court's designation of appellant as a sexual predator. On October 4, 2005, the trial court released appellant from the Stark County Jail with specific conditions, to wit: no internet access, no contact with any individual under the age of eighteen, and no access to sexually explicit material. On October 19, 2005, appellant placed a posting on an internet blog specifically directed to his victim. This evidence is clearly indicative of appellant's inability to control his actions. That action, coupled with the other factors noted supra, support the trial court's designation of appellant as a sexual predator.
 {¶ 15} Appellant's second assignment of error is overruled.
 {¶ 16} The Judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.