JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Christopher Namestnik, appeals the trial court classifying him as a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In 1987, C.C., then age 11, was walking home from a local public pool when defendant rode up to her on his bicycle. According to C.C.'s account, defendant grabbed her and forced her on to his bike. He rode until they came to a beach area where he took her clothes off and forced her to have intercourse with him more than once and also made her perform oral sex on him. He told her he would hurt her if she told anyone. When C.C. arrived home she reported the incident to her mother, who called the police.
 {¶ 3} Defendant was indicted on two counts of rape in violation of R.C. 2907.01, with a specification for crimes committed against a minor female child aged 11. Defendant was also indicted on one count of kidnaping, in violation of R.C. 2905.01.
 {¶ 4} Defendant pled guilty to kidnaping and to an amended count of rape, without specification, in violation of R.C. 2907.02. The remaining rape count was nolled. Defendant was sentenced to a term of seven to twenty-five years on the kidnaping count and a term of seven to twenty-five years on the amended rape charge, both terms to be served concurrently.
 {¶ 5} In July 2002, after the Ohio Department of Rehabilitation and Correction made its recommendation,[1] the state requested that defendant be declared a sexual predator. After conducting a post-conviction sexual predator hearing, the court classified defendant as a sexual predator. Appealing that order, defendant presents one assignment of error:
"The evidence was insufficient as a matter of law to prove by clear andconvincing evidence that defendant-appellant is likely to engage in thefuture in one or more sexually oriented offenses as required by R.C.§ 2950.09(B)(4)."
 {¶ 6} Defendant argues the trial court erred in adjudicating him to be a sexual predator because the state failed to present enough evidence to show he was likely to commit future sexually oriented offenses.
 {¶ 7} In order to be classified as a sexual predator, a defendant must have been convicted of or pled guilty to committing a sexually oriented offense. Further, the state "must prove by clear and convincing evidence that the offender is `likely to engage in the future in one or more sexually oriented offenses.'" State v. Eppinger, 91 Ohio St.3d 158,163, 743 N.E.2d 881, 2001-Ohio-247 citing R.C. 2950.01(E)and 2950.09(B)(3);State v. Johnson, Cuyahoga App. 80736, 2002-Ohio-4031.
 {¶ 8} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Id., citing Cross v.Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, 123.
 {¶ 9} R.C. 2950.09(B)(2) provides:
"In making a determination * * * as to whether an offender is a sexualpredator, the judge shall consider all relevant factors, including, butnot limited to, all of the following:
 (a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses,including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for whichsentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to beimposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim ofthe sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guiltyto any criminal offense, whether the offender completed any sentenceimposed for the prior offense and, if the prior offense was a sex offenseor a sexually oriented offense, whether the offender participated inavailable programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, orinteraction in a sexual context with the victim of the sexually orientedoffense and whether the sexual conduct, sexual contact, or interaction ina sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexuallyoriented offense for which sentence is to be imposed, displayed crueltyor made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to theoffender's conduct."
 {¶ 10} The factors listed in the statute are guidelines. A trial court considers the factors set forth in R.C. 2950.09(B)(2) on a case by case basis leaving a trial court some discretion in determining whether an offender is a sexual predator.
 {¶ 11} In determining whether someone is a sexual predator, the trial court should explain on the record what evidence and statutory factors it is relying upon in making its determination that the defendant possesses attributes indicating that he will re-offend. State v. Grahek, Cuyahoga App. No. 81443, 2003-Ohio-2650. On appeal, this court must decide whether the record supports the trial court's determination by clear and convincing evidence that defendant is likely to commit sexually oriented offenses in the future.
 {¶ 12} Defendant was convicted of rape, a sexually oriented offense pursuant to R.C. 2950.01(D)(1). At the hearing, the trial court made the following observations:
"It's interesting to note in addition to the fact that this victim wasunder 13 at the time, the fact that the defendant had a prior history ofoffenses including the fact that he had absconded from Ohio while onprobation to Judge [Richard] McMonagle, the Static 99 test indicates thathe is in the medium/high risk of recidivism. * * * This involved akidnapping and rape of a child. There were repeated sex acts on thischild under 11. There's a long history with this defendant ofdisciplinary problems while in prison, which indicates a total lack ofrespect for any type of authority. He has denied any culpability. He'sshown no remorse. He had convictions for prior assaults, although theywere not sexual in nature, all of them. He does have a prior sexualmolestation charge as a juvenile, and he has a prior other assault.
 He also, additionally, threatened this child if she told on him, whichis certainly of interest to the Court because it indicates a predatorynature.
 In addition, he has engaged in a predatory act with someone who wasunrelated to him; and he has a history of not only a poor relationshipwith his mother, but instability in normal relations with women.Therefore, the Court finds that the defendant is a sexual predator* * *."
 {¶ 13} In the case at bar, the hearing transcript shows the trial court considered five of the factors listed in R.C. 2950.09(B)(2); factors (b), (c), (h), (i) and (j). The court reviewed defendant's institutional record and psychiatric report. The court found that defendant had a history of prior offenses, including one other sexual offense and, on one of the earlier offenses, he left the state while on probation (b); the female victim in this case was only 11 years old (c); defendant committed repeated sex acts upon the victim (h); he threatened her if she told anyone (i); he showed no remorse, he had a history of rebelling against authority, the victim was not related to him, and he had a history of unstable relationships with women (j).
 {¶ 14} On the record before this court, the trial court's observations constitute clear and convincing evidence that defendant is likely to commit sexually oriented offenses in the future. The trial court did not err in classifying defendant as a sexual predator. Accordingly, defendant's sole assignment of error is overruled.
Judgment accordingly.
TIMOTHY E. McMONAGLE, J., and SEAN C. GALLAGHER, J., concur.
[1] The Department made the request pursuant to R.C. 2950.09(C)(1).