{¶ 44} I concur in the majority opinion affirming appellant's conviction and sentences. However, I respectfully dissent from the majority's decision to affirm appellant's classification as a sexual predator and to remand for the sole purpose that the trial court consider the statutory factors set forth in R.C. 2950.09
(B).
 {¶ 45} I agree with the majority's determination that "a review of the transcript reveals the trial court presented no discussion about its decision; it never mentioned either the facts or the factors it considered. This was inadequate for purposes of the statutory scheme."
 {¶ 46} This court has found that a trial court's pronouncement of its determination of appellant's classification without any discussion constitutes reversible error. AccordState v. Lee (Sept. 13, 2001), Cuyahoga App. No. 78899, citingState v. Grimes (Apr. 12, 2001), Cuyahoga App. No. 78496;State v. Ferrell, (Mar. 18, 1999), Cuyahoga App. No. 72732;State v. Davis, Lake App. No. 2000-L-190, 2002-Ohio-1957. InState v. Lee, supra, this court found that the trial court's brief statement classifying the appellant as a sexual predator without further comment was statutorily improper. Id. This court then vacated appellant's order of classification of appellant as a sexual predator and remanded the case for further proceedings. Id.
 {¶ 47} In State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, the Ohio Supreme Court stated:
 {¶ 48} "The trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. * * * Therefore, we are suggesting standards for the trial courts that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender."
 {¶ 49} To that end, it is my view that to remand the case for the sole purpose that the trial court consider the statutory criteria is pointless where the appellate court has affirmed the sexual predator designation. Upon remand, the trial court's discussion on the record of particular evidence and factors upon which it relies in making its determination regarding the likelihood of appellant's recidivism would not aid in appellate review, nor ensure a fair and complete hearing for appellant.
 {¶ 50} In accordance with the foregoing, I would vacate appellant's sexual predator designation and remand the case to the trial court for a new sexual predator hearing.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court with instructions and for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. concurs.
 Dyke, P.J. concurs in part and dissents in part with separateconcurring dissenting opinion