JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry is not an opinion of the court under S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Maurice Reed appeals his classification as a sexual predator. Reed was convicted in 1984 of rape, attempted rape, aggravated burglary, and felonious assault. Prior to his parole, the trial court held a sexual-offender-classification hearing. It determined that Reed was a sexual predator. In his sole assignment of error, Reed now argues that this determination was against the manifest weight of the evidence. We affirm.
For an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[1]
Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the truth of the allegations sought to be established.[2]
In making its determination, the trial court must consider all the relevant factors, including (1) the offender's age; (2) his prior criminal record, including sexual offenses; (3) the age of the victim; (4) whether the offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victims; (6) previous convictions for sexually-oriented offenses; (7) mental illness or disability of the offender; (8) the nature of the conduct and whether it was part of a pattern of abuse; and (9) whether the offender displayed cruelty in the commission of the offense.[3]
Here, Reed was convicted of one count of rape and one count of attempted rape. His first rape victim was a 59-year-old woman with mental disabilities. He later attempted to rape an 82-year-old woman in the same apartment building. Reed was caught a month later while trying to break into the same building yet again.
The trial court noted that the rape and attempted rape were sexually oriented offenses. The trial court also emphasized that there were two victims, who were both older women and strangers to Reed — and that one of the victims suffered from a mental disability. It pointed out Reed's past (non-sexually-oriented) crimes and noted the serious bodily injury that he had caused, as well as the cruelty that he had showed. The trial court also indicated that there was a pattern of abuse. It placed a great deal of weight on the fact that Reed never admitted to committing the crimes and had never completed sex-offender treatment. The court considered all these factors and determined that Reed was a sexual predator.
The trial court had also relied on a critical-risk assessment report in coming to this conclusion. The report considered the same factors and determined that Reed posed an increased risk of re-offending. It emphasized Reed's denial that he had committed the crimes, his failure to complete sex-offender treatment, and "intimacy deficits" resulting from a poor developmental history with his mother.
There was more than enough evidence to properly determine that Reed was a sexual predator. The determination was not against the manifest weight of the evidence.
Reed now argues that the state did not provide any evidence other than that surrounding the original crimes. Evidence of the original crimes themselves is never enough to make a sexual-predator classification.[4]
But Reed continued to deny that he had ever committed the crimes. And he had failed to complete sex-offender treatment while incarcerated. The clinical evaluation also stressed that his intimacy deficit was a risk factor. None of those were elements of the original offenses, and all of them properly served as independent evidence of Reed's status as a sexual predator.
We therefore overrule Reed's sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] R.C. 2950.01(E)(1); State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247, 743 N.E.2d 881.
[2] See Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.
[3] See R.C. 2950.09(B)(3).
[4] See State v. Pryor (Mar. 10, 2000), 1st Dist. No. C-990497.