JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, James Lomax, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. 2950.09.
Lomax entered a guilty plea to one count of rape, with an agreed sentence of five years' incarceration. After a hearing, the trial court adjudicated Lomax a sexual predator. In a single assignment of error, Lomax now argues that the trial court erred in classifying him as a sexual predator.
To obtain a sexual-predator adjudication under R.C. 2950.09, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense, and that the offender is likely to engage in the future in one or more sexually oriented offenses.[1]
In making the determination of whether an offender is likely to engage in future sexually oriented offenses, the trial court is to consider all relevant factors, including those enumerated in R.C. 2950.09(B)(3).[2]
In the case at bar, we find no error in the trial court's judgment. The evidence adduced at the hearing indicated that Lomax had raped the fourteen-year-old daughter of his girlfriend. At the time of the offense, he was living with the girl and her mother and used his position of trust to commit the crime. He had numerous prior convictions, including felonies, and had demonstrated sexually inappropriate behavior while incarcerated. Evaluations done by the court clinic indicated that he possessed a great likelihood to commit sexually oriented crimes in the future. And while Lomax emphasizes that he had no prior sexually oriented offenses and had expressed remorse at the sentencing for the rape conviction, the factors cited by the trial court amply supported its finding that Lomax would likely engage in future sexually oriented offenses. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] R.C. 2950.01(E); State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247, 743 N.E.2d 881.
[2] See Eppinger, supra, at 166, 2001-Ohio-247, 743 N.E.2d 881.