[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 158.]

The State of Ohio, Appellant, v. Eppinger, Appellee.

[Cite as *State v. Eppinger*, 2001-Ohio-247.]

*Criminal law—Sexual predators—Expert witness shall be provided to an indigent*
*defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing,*
*when.*

(No. 99-788—Submitted December 12, 2000—Decided March 28, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72686.

————————————

SYLLABUS OF THE COURT

An expert witness shall be provided to an indigent defendant at an R.C.
2950.09(B)(1) sexual offender classification hearing if the court determines,
within its sound discretion, that such services are reasonably necessary to
determine whether the offender is likely to engage in the future in one or
more sexually oriented offenses within the meaning of R.C. 2950.01(E).

————————————

LUNDBERG STRATTON, J.

{¶ 1} In 1988, Lewis Eppinger, defendant-appellee, was indicted on three
counts of rape, one count of kidnapping, and one count of felonious assault.
Defendant entered a plea of not guilty to the charges, but a jury convicted him of
two counts of rape in violation of R.C. 2907.02, kidnapping in violation of R.C.
2905.01, and assault in violation of R.C. 2903.13. The trial court merged the
kidnapping and one of the rape counts and sentenced defendant to two terms of
incarceration of fourteen to twenty-five years on each rape count, the terms to run
concurrently with each other, and to a term of incarceration of six months on the
assault conviction, to run consecutively to the rape sentence. In 1990, the Court of
Appeals for Cuyahoga County affirmed the trial court's judgment and sentence.

**{¶ 2}** After the Ohio Department of Rehabilitation and Correction sent its recommendation, as per R.C. 2950.09(C)(1), to the trial court that defendant be adjudicated a sexual predator, the court held a sexual offender classification hearing on May 6, 1997. At the hearing, the trial court noted that defendant had filed a motion for psychological/psychiatric expert, a motion to have the Rules of Evidence applied to the hearing, and a motion to dismiss the proceedings on constitutional grounds.

**{¶ 3}** The trial court denied all three motions. In denying the motion for appointment of a psychological/psychiatric expert, the court noted, "the Court denies that motion and finds that neither expert is competent to predict the future conduct of the individual and will take the testimony of a gypsy over those people in attempting to predict the future conduct of an individual.

**{¶ 4}** "Therefore, I'm not going to permit the expenditure of state funds."

**{¶ 5}** At the hearing, after informing the court that there had been no presentence report, the prosecutor recited the facts of the underlying case and information regarding defendant's convictions for aggravated robbery and felonious assault predating the rape. After hearing the facts, the trial court stated, "I wonder if I wasn't the Judge who presided at that trial." The state acknowledged that the trial judge had, in fact, presided at defendant's rape trial.

**{¶ 6}** Defense counsel stated that he was being denied the opportunity to cross-examine or confront witnesses due to the state's mere recitation of the facts and the denial of the motion for appointment of an expert. After a hearing that is recorded in seven and one-half pages of transcript, the trial court concluded, "I had an opportunity to preside over the trial of this matter, and to my mind and recollection it was, again, rape, which I consider to be a heinous form of rape. It was violence over a period of time.

**{¶ 7}** "Taken in conjunction with the defendant's background and history, I am going to find that he is a sexual predator."

{¶ 8} The Court of Appeals for Cuyahoga County affirmed the trial court's judgment in part, reversed it in part, and remanded the cause to the trial court for further consideration of all parts of the record available to the court, "including the trial transcript and decision rendered upon direct appeal." The court further instructed the trial court "to conduct [defendant's] adjudication hearing as contemplated by the legislature and codified in the statute which includes appellant's right to present and cross-examine evidence and present witnesses on his own behalf."

{¶ 9} The cause is now before this court upon the allowance of a discretionary appeal.

{¶ 10} This case presents us with two more questions regarding R.C. Chapter 2950, Ohio's version of "Megan's Law." First, we must determine whether R.C. 2950.09(B)(1) requires the trial court to appoint, at the state's expense, an expert witness to testify at a sexual offender classification hearing on behalf of an indigent defendant. Second, we must decide whether the trial court properly adjudicated defendant a sexual predator based on the statutory criteria contained in R.C. 2950.09(B)(2). For the reasons that follow, we affirm in part and modify in part the judgment of the court of appeals.

{¶ 11} The very first Megan's Law, N.J. Stat.Ann. 2C:7-1 *et seq.,* was enacted in 1994 in New Jersey in response to the rape and murder of seven-year old Megan Kanka. *State v. Cook* (1998), 83 Ohio St.3d 404, 405-406, 700 N.E.2d 570, 573. Today, all fifty states have enacted sex offender registration laws of varying types. *Id.* at 406, 700 N.E.2d at 574. In addition, in 1994, Congress enacted the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, Section 14071, Title 42, U.S.Code. *Id.* Although Ohio's version, R.C. Chapter 2950, does not differentiate between crimes against children and crimes against adults, recidivism among pedophile offenders is highest. Some studies have estimated the rate of recidivism as being as high as fifty-two percent

for rapists and seventy-two percent for child molesters. Comparet-Cassani, A Primer on the Civil Trial of a Sexually Violent Predator (2000), 37 San Diego L.Rev. 1057, 1071, citing Prentky, Recidivism Rates Among Child Molesters and Rapists: A Methodological Analysis (1997), 21 Law & Human Behavior 635, 651.

**Calling and Examining Witnesses and Expert Witnesses**

{¶ 12} In setting forth the procedural requirements for sexual offender classification hearings, R.C. 2950.09(B)(1) provides:

"At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender."

{¶ 13} The court of appeals concluded that the trial court's denial of this indigent defendant's request for appointment of an expert psychologist or psychiatrist to evaluate him prior to the hearing effectively precluded defendant from presenting evidence on his own behalf on the issue of whether he is "likely to engage in the future in one or more sexually oriented offenses." The court of appeals held that the statute was clear and unambiguous in its provision *mandating* that the offender shall have the opportunity to testify, present evidence, and call, examine, and cross-examine witnesses, including expert witnesses. Further, the court concluded that the trial court's denial was so prejudicial that it amounted to plain error. We agree, in part.

{¶ 14} R.C. Chapter 2950 defines three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually oriented offenders. R.C. 2950.09; *Cook*, 83 Ohio St.3d at 407, 700 N.E.2d at 574. To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled

guilty to committing a sexually oriented offense and must be "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).

{¶ 15} Once a person is designated a sexual predator, R.C. Chapter 2950 places certain obligations on the offender. Sexual predators must register with their county sheriff and provide a current home address, the name and address of the offender's employer, a photograph, and any other information required by the Bureau of Criminal Identification and Investigation. R.C. 2950.04(C). In addition, sexual predators must provide the license plate number of each motor vehicle owned by the offender or registered in the offender's name. R.C. 2950.04(C)(2). Sexual predators must verify their current home address every ninety days for life. R.C. 2950.06(B)(1). Moreover, the sheriff with whom the offender has most recently registered must notify particular community members of the offender's status as a sexual predator and of his current address, if the trial court imposes that requirement. R.C. 2950.10 and 2950.11.

{¶ 16} This court has already recognized that these requirements have grave consequences. "At a sexual offender classification hearing, decisions are made regarding classification, registration, and notification that will have a profound impact on a defendant's life." *State v. Gowdy* (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579, 589.

{¶ 17} We noted in *Gowdy* the danger of making the sexual offender classification hearing perfunctory in nature, which would deny defendant the rights guaranteed him under the statute. *Id.* at 398, 727 N.E.2d at 589. So, too, would denying an indigent defendant, under these circumstances, the "opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1).

{¶ 18} In some instances, offenders will have several sexually oriented convictions, or will clearly fit a variety of the factors listed in R.C. 2950.09(B)(2)(a)

through (j). An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism. There may be sufficient evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing with respect to the R.C. 2950.09(B)(2) factors as they relate to the likelihood of reoffending. In those situations, appointment of an expert for an indigent offender may be unwarranted. But a person who has been convicted of or who has pled guilty to committing *one* sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses. One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism.

{¶ 19} We disagree with the court of appeals that such an appointment is mandatory. Instead, we hold that an expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E). Compare *State v. Esparza* (1988), 39 Ohio St.3d 8, 529 N.E.2d 192, syllabus (trial court in capital sentencing phase must provide mental health expert for indigent defendant only if court determines, in its discretion, that expert is "reasonably necessary").

{¶ 20} Here, the transcript of the sexual offender classification hearing reveals that the trial court denied the motion for appointment of an expert, stating that the court would "take the testimony of a gypsy over those people

[psychological/psychiatric expert] in attempting to predict the future conduct of an individual." The court's reasons for denial appear to be grounded more in personal disdain for such expert testimony rather than on any legal basis. Admittedly, predicting future behavior of a sex offender, or anyone else, for that matter, is an imperfect science. Nonetheless, R.C. Chapter 2950 requires it, and the evidence presented by a psychologist, psychiatrist, or other expert in the field of predicting future behavior may be the best tool available to the court to assist it in making these determinations.

**{¶ 21}** Because "the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense * * * when those tools are available for a price to other prisoners," *Britt v. North Carolina* (1971), 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400, 403, it follows that the defendant would also be entitled to an expert provided at state expense in order to avail himself or herself of the statutory right to present witnesses on his or her own behalf. Further, cross-examination and nonexpert witness testimony are not always helpful to the indigent defendant when the central issue involves predicting future behavior—something only an expert can do, absent a history of similar offenses or other indicators.

**{¶ 22}** Because this defendant had been convicted of only one sexually oriented offense, a psychiatric or psychological expert or other expert in the science of predicting human sexual behavior was reasonably necessary to aid in determining whether the defendant is likely to engage in one or more sexually oriented offenses in the future. Accordingly, we affirm the court of appeals' decision to instruct the trial court on remand to reconsider defendant's sexual offender classification by holding a new hearing, giving the defendant the opportunity to present and cross-examine witnesses and present evidence on his own behalf, including an expert witness, as requested by the defendant, and by

examining the actual record, etc., but modify that part of the court's holding stating that such an expert is mandatory.

**Sufficiency of the Evidence**

{¶ 23} As previously noted, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense *and* that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3).

{¶ 24} The General Assembly supplied the trial court with several factors to consider in making this weighty decision. R.C. 2950.09(B)(2) provides:

"In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h)  The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i)  Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j)  Any additional behavioral characteristics that contribute to the offender's conduct."

{¶ 25} As noted by the court of appeals, "[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.  It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.  It does not mean clear and unequivocal." *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364, 120 N.E.2d 118, 123.

{¶ 26} The court of appeals observed that eight of the statutory factors involve what may be considered "old conviction data," which may be found in the court's file.  Yet, at defendant's hearing, the state simply recited into the record its own recollection of the facts of the underlying offense from the trial, which had occurred eight years earlier.  The trial court did not review the trial transcript.  The trial court did not review the opinion of the court of appeals on direct appeal.  The trial court did not review any presentence investigation reports, nor did it review the defendant's criminal record.  The trial court did not review *any* documentary evidence, nor did it hear from *any* witnesses on *either* side.  The trial court even had to seek clarification on whether it had heard the underlying case.

{¶ 27} In fact, the trial court simply stated, "I had an opportunity to preside over the trial of this matter, and to my mind and recollection it was, again, rape,

which I consider to be a heinous form of rape. It was violence over a period of time.

{¶ 28} "Taken in conjunction with the defendant's background and history, I am going to find that he is a sexual predator." Further, the entry of the trial court reflects that "[d]efendant is found to be a sexual predator in light of the nature of the underlying sexual offense for which the defendant had been convicted."

{¶ 29} In reversing the defendant's designation as a sexual predator, the court of appeals concluded that "[defendant's] prior convictions do not include sexually oriented offenses; the single victim in this case was an adult; the underlying sexual offense took place more than ten years ago; there is no evidence shown to indicate that [defendant] used drugs or alcohol to impair the victim; there was no demonstration of a pattern of abuse; and there was no evidence presented to show behavioral characteristics of [defendant] contributing to his conduct or to indicate a mental illness or disability." We agree.

{¶ 30} We find that the trial court abused its discretion in denying the defendant's request for an expert witness and in essentially adjudicating defendant a sexual predator on the basis of one factor (nature of the sexual conduct). Moreover, the trial court's "recollection" that defendant's crime was "heinous" was simply insufficient to show that defendant was likely to commit another sexually oriented offense.

{¶ 31} Although certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, "to protect the safety and general welfare of the people of this state." R.C. 2950.02(B). Thus, if we were to adjudicate all sexual offenders as sexual predators, we run the risk of "being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many." *State v. Thompson*

(Apr. 1, 1999), Cuyahoga App. No. 73492, unreported, 1998 WL 1032183. Moreover, the legislature would never have provided for a hearing if it intended for one conviction to be sufficient for an offender to be labeled a "sexual predator."

{¶ 32} Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses. Not only is this determination problematic for the trial court to make, but it is certainly confounding to review on appeal without an adequate record. Accordingly, we believe that trial courts, prosecutors, and defense attorneys should adhere to some basic standards to meet the criteria required in an R.C. 2950.09 hearing. We adopt the following model procedure for sexual offender classification hearings, based on a model set forth by the Cuyahoga County Court of Appeals in *State v. Thompson*, *supra.*

{¶ 33} In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.

{¶ 34} Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed

to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.

**{¶ 35}** Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See *State v. Thompson, supra.* See, also, *State v. Russell* (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; *State v. Casper* (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437.

**{¶ 36}** We are cognizant of our statement in *State v. Cook*, *supra*, that R.C. 2950.09 does not require the court to list all criteria, but only to consider all relevant factors in making its findings. *Id.*, 83 Ohio St.3d at 426, 700 N.E.2d at 587. However, we also noted in *Cook* that the sexual offender classification hearing in that case was not a model hearing. *Id.* at 425, 700 N.E.2d at 587. Therefore, we are suggesting standards for the trial courts that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender.

**{¶ 37}** As we observed above, under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication. However, the scant "evidence" presented at this sexual offender classification hearing fell short of establishing by clear and convincing evidence that the defendant was likely to engage in one or more sexually oriented offenses in the future.

**{¶ 38}** Accordingly, we affirm that portion of the court of appeals' judgment that directed the trial court on remand to consider "all parts of the record

12

available to the court," including the trial transcript and decision rendered upon direct appeal. We further order the trial court to grant defendant's motion for appointment of an expert witness at state expense.

*Judgment affirmed as modified.*

F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs except that he joins Part I of COOK, J.'s opinion concurring in part and dissenting in part.

DOUGLAS and RESNICK, JJ., concur in syllabus and judgment.

COOK, J., concurs in part and dissents in part.

_____

**COOK, J., concurring in part and dissenting in part**.

{¶ 39} For the following reasons, though I join the majority's syllabus and would also affirm the judgment of the court of appeals as modified, I would not modify the court of appeals' judgment in the same manner as the majority and respectfully decline to join the majority's opinion.

I

{¶ 40} The majority states that "[a]lthough * * * R.C. Chapter 2950 does not differentiate between crimes against children and crimes against adults, recidivism among pedophile offenders is highest." This factual assertion, supported by citation to a San Diego Law Review article, is unnecessary to the resolution of the legal issues presented in this case. It is exactly the type of factual assertion that an expert might be called upon to make at a classification hearing should a trial court, in its discretion, determine that the services of an expert are reasonably necessary to assist the court in resolving the recidivism issue. Having decided that trial courts must, when reasonably necessary, appoint experts for indigent offenders at state expense, this court need not and should not lend its imprimatur to particular factual assertions that such experts may or may not make. It is for similar reasons that I respectfully disagree with the majority's assertion that

"[o]ne sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior."

## II

{¶ 41} The majority concludes that "[b]ecause this defendant had been convicted of only one sexually oriented offense, a psychiatric or psychological expert or other expert * * * was reasonably necessary to aid in determining whether the defendant is likely to engage in one or more sexually oriented offenses in the future." Accordingly, the majority remands the cause, instructing the trial court on remand to *grant* Eppinger's request for an expert. Though I agree that the trial court abused its discretion when it arbitrarily denied Eppinger's request on the basis of a personal bias against such experts (comparing them to "gypsies"), I would remand the cause to the trial court with instructions to apply the standard announced in today's syllabus. That is, the trial court should be given the opportunity to properly exercise its discretion by applying today's standard in order to determine whether expert assistance is reasonably necessary in this case. The exercise of sound discretion may lead the trial court to decide that an expert is necessary. But that is the trial court's decision to make in the first instance, not ours.

14

### III

{¶ 42} Finally, having decided to remand the case to appoint an expert and conduct a new hearing, the majority then adopts a "model" procedure for a classification hearing and concludes that "the scant 'evidence' presented at [Eppinger's] sexual offender classification hearing fell short" of the clear and convincing evidentiary standard. But because we are remanding this cause for a *new* classification hearing, and because the majority requires the appointment of an expert at that new hearing, there is no need for this court to test the legal sufficiency of the evidence presented at the faulty hearing. Accordingly, though I agree in principle with many aspects of the "model hearing" described by the Cuyahoga County Court of Appeals in *State v. Thompson* (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported, 1998 WL 1032183, the second half of the majority's opinion is essentially an advisory opinion. "It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 257 N.E.2d 371, 372.

{¶ 43} For the foregoing reasons, I join today's syllabus and would affirm the court of appeals' judgment, but only insofar as it remanded the cause for a new classification hearing, at which time the trial court should be given an opportunity to exercise its discretion to determine whether the services of an expert are reasonably necessary to determine whether Eppinger is likely to engage in the future in one or more sexually oriented offenses.

————————————

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Michael D. Horn*, Assistant Prosecuting Attorney, for appellant.

*David H. Bodiker*, State Public Defender, and *Christa M. Hohmann*, Assistant State Public Defender, for appellee.

_____