Being unable to agree with the majority, I respectfully dissent.
{¶ 22} Once again, we are confronted by a predator case where there is little evidence on the key issue — whether defendant is likely to commit a sexually oriented offense in the future. More specifically, the issue, as in all predator determinations, is whether the state has established by clear and convincing evidence that defendant is likely to reoffend. As previously defined by the Ohio Supreme Court, " '[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.' " State v. Eppinger (2001), 91 Ohio St.3d 158, 164.
{¶ 23} The state argues that the trial court, in determining defendant to be a predator relied on various factors, "including the nature of the offense, the age of the victims, and the cruelty displayed by the defendant."
{¶ 24} The case involves the use of the internet and defendants acquiring and posting five photos involving child pornography. Defendant posted one photo on the internet and downloaded four other photos. While defendant's conduct is reprehensible and his guilt regarding the pandering of obscenity involving a minor and illegal use of a minor in nudity oriented material is not open to question, the issue here is whether the state has met its evidentiary burden relating to the probability of future offending by defendant.
{¶ 25} There is nothing in the record, and it is not alleged that defendant knew the victims, knew the person who took the pictures involved, and defendant did not know who took the photographs. It is therefore clear that defendant had no contact, direct or indirect, with the persons appearing in the photos. Thus, the trial court's general reliance upon the statutory factors set forth in R.C. 2950.09(B)(2) and2905.09(B)(2)(1) in my view do not have direct applicability to the facts of this case. There is otherwise no evidence of a clear and convincing nature that defendant is likely to reoffend. In view of the uncertainty that attends the trial court's reasoning for the ultimate decision declaring defendant a sexual predator, and in view of the burden required by the state to establish predator status by clear and convincing evidence, I would remand this case to the trial court for a full hearing on the evidence from both the state and defendant. I therefore must dissent.