OPINION
{¶ 1} Defendant-appellant Andrew M. Cox, Jr. appeals the June 24, 2005 and July 11, 2005 Judgment Entries of the Delaware County Court of Common Pleas finding him to be a sexual predator and requiring him to register as an offender of a sexually oriented offense pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF CASE AND THE FACTS {¶ 2} In June 1993 the Appellant was indicted by the Delaware County Grand Jury of Rape in violation of Section 2907.02(A) (2). The matter then proceeded to jury trial and on August 25, 1993 the jury returned a verdict of guilty on the rape charge, an aggravated felony of the first degree.
 {¶ 3} On September 23, 1993, the Appellant was sentenced by the trial court to an indefinite term of not less than ten (10) years or more than twenty-five (25) years or until legally released. Additionally, the minimum term of ten years was imposed as a term of actual incarceration. The Appellant was then delivered to the appropriate state penal institution where he remains incarcerated to date.
 {¶ 4} By Judgment Entry filed on May 25, 2005, this matter was scheduled for a sexual predator hearing pursuant to the provisions of R.C. 2950.09. The matter came on for hearing on June 23, 2005 for purposes of determining the sexual classification of the appellant.
 {¶ 5} At the Sexual Predator Hearing on June 23, 2005, the State of Ohio called three witnesses. The State's first witness was Detective Sergeant Bruce Pijanowski from the Delaware Police Department. (T. June 23, 2005 at 4). Detective Sergeant Pijanowski testified he was employed by the Delaware Police Department as a patrol officer in 1993 when he took part in the investigation of the rape of Evelyn Van Gordon. (Id. at 5). Detective Sergeant Pijanowski testified he was dispatched to the residence of eighty-three-year-old Evelyn Van Gordon at 3:30 a.m. on June 17, 1993. (Id. at 5-6). Upon arrival, Detective Sergeant Pijanowski found Mrs. Van Gordon and her daughter Marilyn Heinz at the residence; he described her demeanor as upset and confused and testified she was wearing only a nightgown and panties. (Id.). Mrs. Van Gordon had visible injury to her hand and internal injuries consisting of scrapes or abrasions to her vaginal walls which were discovered subsequently at the hospital during a sexual assault exam. (Id. at 6-7).
 {¶ 6} Detective Sergeant Pijanowski testified that Sergeant James Shellito identified the Appellant as a possible suspect and they interviewed him about the incident. (Id. at 7-8). Detective Sergeant Pijanowski relayed the story the appellant provided after admitting he had been at Mrs. Van Gordon's house and when he was trying to explain how Van Gordon was injured. (Id. at 8-9). The appellant claimed eighty-three-year-old Evelyn Van Gordon grabbed his penis and told him he reminded her of her ex-husband. (Id.).
 {¶ 7} The second witness called by the State was Sergeant James B. Shellito from the Delaware Police Department. (Id. at 11). Sergeant Shellito testified he was employed as a patrol sergeant shift supervisor for the Delaware Police Department in 1993 and he was responsible for the identification of the appellant as a suspect in the rape of Evelyn Van Gordon. (Id. at 11-12). Sergeant Shellito described an incident which occurred a few days before the rape where the appellant used deception to obtain the address of a local elderly woman and appeared at her home later that night. (Id. at 12-13). After inviting the appellant into her house, he proceeded to discuss problems he had been having with his swollen penis and asked her to help relieve him of his problem. (Id. at 13). When Sergeant Shellito confronted the appellant about this incident, he admitted having been at the elderly woman's home and having inappropriate discussions with her about his swollen penis. (Id. at 13). Upon speaking with Mrs. Van Gordon about her attacker, Sergeant Shellito immediately noticed similarities between the incident she was describing and the incident he investigated a few days earlier. (Id. at 14-15).
 {¶ 8} The last witness called by the State was Marilyn Heinz, the daughter of Mrs. Van Gordon, who is now deceased. (Id. at 15-16). Mrs. Heinz described being awakened by a telephone call from her mother during the middle of the night in June 1993. (Id. at 16). Mrs. Heinz knew something was wrong the moment she heard her mother's voice; her mother said she had just been raped. (Id.). Mrs. Heinz immediately went to her mother's house and found her upset and shaking. (Id. at 17). Mrs. Heinz testified she took her mother to the hospital that night and witnessed a gradual decline in her mother's health from that point in time. (Id. at 17-18).
 {¶ 9} The State of Ohio presented four exhibits at the Sexual Predator Hearing. (Id. at 19). Exhibit One was a certified copy of the Defendant's computerized criminal history (CCH) from the Ohio Attorney General's Office; Exhibit Two consisted of four certified judgment entries of conviction from Franklin County, Ohio, including a conviction for Corruption of a Minor in 1974; Exhibit Three was a copy of the text of the Corruption of a Minor statute as it existed in 1974; and Exhibit Four was a partial presentence investigation (PSI) prepared by the institution. (Id. at 20).
 {¶ 10} The appellant presented one exhibit; Exhibit A was the appellant's institutional record. (Id. at 24).
 {¶ 11} The trial court determined that the appellant should be classified as a sexual predator. The trial court filed its Judgment Entry and Notice of Duties to Register as an offender of a sexually oriented offense on June 24, 2005. Additionally the Court filed a subsequent Judgment Entry titled Judgment Entry on Sexual Predator Hearing filed on July 11, 2005.
 {¶ 12} The appellant filed his Notice of Appeal as to the Judgment Entry filed on June 24, 2005, on June 28, 2005 (that matter was styled under Case No. 05CAA 060041 in this Court). Thereafter, on July 13, 2005, the Defendant/Appellant also filed his Notice of Appeal as to the Judgment Entry filed on July 11, 2005 (that matter was captioned under Case No. 05CAA 0070043).
 {¶ 13} This matter is now before this Court on a direct appeal from the trial court's finding that the appellant is a sexual predator. Appellant has raised the following three assignments of error for our consideration:
 {¶ 14} "I. THE TRIAL COURT'S DETERMINATION THAT MR. COX SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR PURSUANT TO R.C. 2950 ET SEQ WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BY THE STATE OF OHIO AT THE SEXUAL OFFENDER CLASSIFICATION HEARING.
 {¶ 15} "II. THE FINDING OF APPELLANT TO BE A SEXUAL PREDATOR VIOLATED HIS PROTECTIONS AGAINST THE EX POST FACTO CLAUSE OF THE UNITED STATES AND OHIO CONSTITUTIONS.
 {¶ 16} "III. THE DUTY OF APPELLANT TO REGISTER AND THE NOTIFICATION REQUIREMENTS ARE A VIOLATION OF THE RETRO ACTIVE CLAUSE OF THE CONSTITUTION."
 I. {¶ 17} In his first assignment of error, appellant claims the trial court's classification of him as a "sexual predator" was not supported by clear and convincing evidence. We disagree.
 {¶ 18} Ohio's sex-offender registration scheme provides for three classes of sex offenders: habitual sex offenders, sexual predators, and sexually oriented offenders. See R.C. 2950.09; see, also, State v. Williams, 88 Ohio St.3d 513, 518, 2000-Ohio 428, 728 N.E.2d 342, certiorari denied sub nom. Suffecool v.Ohio (2000), 531 U.S. 902, 121 S.Ct. 241, 148 L.Ed.2d 173.
 {¶ 19} In State v. Hayden (2002), 96 Ohio St.3d 211,2002-Ohio-4169, 773 N.E.2d 502 the Ohio Supreme Court noted: "R.C. 2950.01(B) defines a `habitual sex offender' as a person who `is convicted of or pleads guilty to a sexually oriented offense' and who `previously has been convicted of or pleaded guilty to one or more sexually oriented offenses.' R.C.2950.01(B) (1) and (2). In the case of an adult, R.C. 2950.01(E) defines a `sexual predator' as a person who `has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.' Finally, the least restrictive designation that of a `sexually oriented offender,' is not specifically defined in R.C. Chapter 2950. However, we have explained that a `sexually oriented offender' is a person `who has committed a `sexually oriented offense' as that term is defined in R.C.2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator.' Cook, supra,83 Ohio St.3d at 407, 700 N.E.2d 570; Williams, supra,88 Ohio St.3d at 519, 728 N.E.2d 342". Id. at 213, 2002-Ohio-4169 at ¶ 9,773 N.E.2d at 504.
 {¶ 20} In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. Traditionally, the courts, including this one, have applied the standard set forth by the Ohio Supreme Court in C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. In C.E. Morris the Ohio Supreme Court announced the standard for reviewing civil judgments as against the weight of the evidence. The court held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Id. at paragraph one of the syllabus. The civil standard has been applied to the trial court's determination that a particular offender is a sexual predator. See, e.g., State v. Tillery, Cuyahoga App. No. 79166, 2002-Ohio-1587; State v. Childs (2001), 142 Ohio App.3d 389,395, 755 N.E.2d 958; State v. Wilkerson (2000),138 Ohio App.3d 861, 742 N.E.2d 716; State v. Gerhardt, Clark App. No. 00CA0090, 2001-Ohio-1470; State v. Scott, Logan App. No. 8-2000-26, 2001-Ohio-2107; State v. Hood, Washington App. No. 00CA51, 2001-Ohio-2620; State v. Cooper, Muskingum App. No. CT2001-0013, 2001-Ohio-1676; State v. Parsons (Aug. 17, 2001), Huron App. No. H-00-042. Thus "if there is competent, credible evidence to support the factual findings of the trial court, we review only whether, after weighing the evidence and resolving evidentiary conflicts and issues of credibility, the trial court properly applied the governing law to those factual findings".State v. Griggs, 12th Dist. No. CA2001-08-194, 2002-Ohio-4375 at ¶ 5. In Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81, 461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." In the case at bar, we find that the trial court did not properly apply the law to the factual findings.
 {¶ 21} A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v.Eppinger (2001), 91 Ohio St.3d 158, 163 2001-Ohio-247,743 N.E.2d 881, 886. There must be clear and convincing evidence that the offender is a "sexual predator" before that predator classification may be applied. R.C. 2950.09(B) (4). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes "beyond a reasonable doubt." State v. Danby (1983),11 Ohio App.3d 38, 41, 463 N.E.2d 47, citing Cross,161 Ohio St. at 477, 120 N.E.2d 118.
 {¶ 22} In State v. Hayden (2002), 96 Ohio St.3d 211,2002-Ohio-4169, 773 N.E.2d 502, the Ohio Supreme Court held: "the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender. Instead, according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C.2950.01(D) and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law. Id. at 215, 2002-Ohio-4169 at ¶ 15,773 N.E.2d at 506. In the case at bar, appellee was convicted of Rape which is a sexually oriented offense. R.C. 2950.01(D) (1) (a). Accordingly, the only issue before the trial court was whether the appellee is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 23} In making the sexual predator determination, the trial court is to examine the factors enumerated in R.C. 2950.09(B) (2), which include the following:
 {¶ 24} "(a) The offender's age;
 {¶ 25} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 26} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 27} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 28} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 29} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 30} "(g) Any mental illness or mental disability of the offender;
 {¶ 31} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 32} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 33} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B) (2).
 {¶ 34} In State v. Eppinger, supra, the Ohio Supreme court set forth the requirements for conducting a sexual predator hearing. Of relevance to the case at bar, the Court noted "[f]inally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See State v. Thompson, supra. See, also, State v. Russell
(Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437". Id. at 166, 743 N.E.2d at 889.
 {¶ 35} The trial court has significant discretion in evaluating factors that may be relevant to its recidivism determination and such determinations are to be afforded great deference. State v. Robertson, 147 Ohio App.3d 94,2002-Ohio-494, 768 N.E.2d 1207. The court has discretion to determine what weight, if any, it will assign to each statutory guideline. State v. Thompson 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276. The trial court does not need to find a majority of the R.C. 2950.09(B)(2) factors to support a sexual predator determination; rather, an appellant may be so adjudicated even if only one or two of the factors are present as long as the totality of the circumstances provides clear and convincing evidence that the appellant is likely to commit a sexually oriented offense in the future. State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412 at ¶ 41.
 {¶ 36} In the case at bar, the trial court found that appellant was thirty-eight years old at the time of the offense and was fifty years old at the time of the hearing. (T. June 23, 2005 at 20; 28). [R.C. 2950.09(B) (2) (a)]. The trial court did consider that the victim in the case at bar was eighty-three years old. (Id. at 28). [R.C. 2950.09(B) (2) (c)].
 {¶ 37} The record further contains evidence that appellee was convicted of a sexually oriented crime against a minor prior to the case at bar. (State's Exhibit 2). Appellant was further accused of approaching other elderly women whom he did not know and discussing matters of a sexual nature. (T. June 23, 2005 at 8; 12-15). [R.C. 2950.09(B) (2) (f)]. Appellee's counsel did not object to the admission of this evidence. In any event, the Rules of Evidence do not strictly apply to sexual predator determination hearings. State v. Cook, 83 Ohio St.3d 404, 425, 1998-Ohio-291, 700 N.E.2d 570. In Cook, the Supreme Court of Ohio held that a court may rely on reliable hearsay, such as a presentence investigation report, when making its sexual predator determination. Id. Further, evidence of uncharged sexual assaults is admissible at a sexual predator hearing. See Statev. McElfresh (July 14, 2000), Washington App. No. 99CA36 (recognizing that the existence of other victims of sexual abuse is relevant when determining whether an offender should be classified as a sexual predator). See, also, State v. Jones,
Belmont App. No. 02 BE 36, 2003-Ohio-1219, at ¶ 24; State v.Burgess (July 10, 2000), Fayette App. No. CA99-08-021.
 {¶ 38} Even without evidence of other sexually oriented offenses a court may still classify an individual as a sexual predator. In State v. Eppinger (2001), 91 Ohio St.3d 158,2001-Ohio-247, 743 N.E.2d 881, the Court noted; "under certain circumstances, it is possible that one sexually oriented conviction alone can support sexual predator adjudication." Id. at 162, 743 N.E.2d at 881. The Court cautioned, however, "[b]ut a person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses. One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior." (Id). However, as previously mentioned appellant in the case at bar does have a previous conviction for a sexually oriented offense.
 {¶ 39} Based upon the above, we find appellant's classification as a sexual predator to be supported by competent, credible evidence and not against the manifest weight of the evidence.
 {¶ 40} Appellant's first assignment of error is overruled.
 II. III. {¶ 41} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 42} Upon review, this Court has previously addressed these same arguments in State v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222; State v. Earl Bair
(February 1, 1999), Stark App. No. 1997CA00232, State v.Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, and State v. Bradley (March 29, 1999), Licking App. No. 98CA16.
 {¶ 43} Based upon those authorities, we overrule appellant's second and third assignments of error.
 {¶ 44} The June 24, 2005 and July 11, 2005 Judgment Entries of the Delaware County Court of Common Pleas are affirmed.
Gwin, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 24, 2005 and July 11, 2005 Judgment Entries of the Delaware County Court of Common Pleas are affirmed. Costs to appellant.