OPINION
{¶ 1} Defendant-appellant Andre Bigsby appeals the judgment of the Richland County Court of Common Pleas in which the trial court classified him as a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND LAW {¶ 2} In December of 2004 appellant, a thirty-one (31) year old male, engaged in sexual conduct with a fourteen (14) year old girl. The victim indicated that she and the appellant had sexual intercourse on at least five occasions. The victim indicated further that the first incident of sexual intercourse occurred when the appellant forced himself on her after she resisted his advances.
 {¶ 3} On July 11, 2005, appellant pleaded guilty to one count of unlawful sexual conduct with a minor in violation of R.C.2907.04. The trial court delayed sentencing until a pre-sentence investigation and forensic examination could be conducted.
 {¶ 4} On September 19, 2005, the trial court conducted a sentencing hearing, at which time the court reviewed reports from the forensic evaluation and the pre-sentence investigation.
 {¶ 5} The forensic examination report, which the trial court read into the record at the sentencing hearing, stated that the appellant was on parole at the time of the offense, that the appellant presented "with an attitude of having sex with a female whenever he can, whenever he is not incarcerated that is", that appellant stated that he "knew that the victim was fourteen but went ahead and had sex with her anyway", and that appellant presented "with a moderate to high risk of re-offending, including sexual offenses".
 {¶ 6} The trial court classified appellant as a sexual predator, sentenced appellant to four years in prison, and ordered restitution for the victim's counseling expenses. Appellant appeals the trial court's sexual predator classification.
 {¶ 7} The appellant raises the following assignment of error:
 {¶ 8} "I. THE JUDGE AT SENTENCING ERRED IN DESIGNATING THE DEFENDANT-APPELLANT, A SEXUAL PREDATOR."
 {¶ 9} In his sole assignment of error appellant claims that the trial court erred in designating him a sexual predator. We disagree.
 {¶ 10} R.C. 2950.09 sets forth Ohio's sexual-offender registration scheme, and provides for three classifications of sex offenders: habitual sex offenders, sexual predators, and sexually oriented offenders. A "sexual predator" is defined by R.C. 2950.01(E), which provides in pertinent part:
 {¶ 11} "(E) `Sexual predator' means a person to whom either of the following applies:
(1) The person has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. . . ."
 {¶ 12} In order to determine if an offender is likely to engage in sexually oriented offenses in the future, the trial court must consider all relevant factors, including those factors listed in R.C. 2950.09(B)(3):
 {¶ 13} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 14} R.C. 2950.09 (B)(4) provides that there must be clear and convincing evidence that the offender is a sexual predator before the classification may be imposed.
 {¶ 15} R.C. Chapter 2950 has been deemed remedial, not punitive, in nature. See, State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, 700 N.E.2d 570. Therefore, trial court decisions involving the application of Chapter 2950 are subject to an "against the weight of the evidence" standard of review. See,State v. Cox, Delaware No's. 05CAA060041 and 05CAA070043,2006-Ohio-2097, at ¶ 20. As such, ". . . if there is competent, credible evidence to support the factual findings of the trial court, we review only whether, after weighing the evidence and resolving evidentiary conflicts and issues of credibility, the trial court properly applied the governing law to those factual findings." Id., citing State v. Griggs, 12th Dist. No. CA2001-08-194, 2002-Ohio-4375, at ¶ 5.
 {¶ 16} The trial court considered the factors set forth in R.C. 2950.09 (B)(3) during the September 19, 2005, sentencing hearing:
 {¶ 17} "In terms of the various factors that I am required to weigh in deciding what your sex offender classification is, which is the first order of business this afternoon, the factors are as follows: You were 31 at the time you committed this offense. In this case you have a significant history of criminal behavior. You report you became involved in the juvenile legal system at approximately the age of twelve. At the age — in fact, your history is as follows: Four thefts, three burglaries, with many trips to the Department of Youth Services, four receiving stolen properties, felonious assault, which caused you to be bound over to be tried as an adult, and during that bind over, you actually shot a man.
 {¶ 18} "In addition, as an adult you have an abduction, an escape charge, which you also went to prison. According to the subject, additional charges on his juvenile record include a receiving stolen property and grand theft. He admitted as well to stealing cars and making a living from that when he was about fifteen. There does not appear to be any prior sexual offenses.
 {¶ 19} "The victim in this case was fourteen years old at the time of these offenses. There appears to be one victim of record. There is no indication that the subject used drugs or alcohol to impair the victim. As the subject does not appear to have any prior sex offenses, he has not previously been ordered to participate in sex offender treatment. He was previously required to reside in a halfway house for the subject's own report. He was terminated from that program and believed that was due to his attitude. According to the subject, he did not receive a parole board sanction to complete the halfway house programming. He stated he subsequently had an inappropriate attitude about the facility.
 {¶ 20} "The subject did not exhibit any signs of a major mental disorder or mental disability while in the presence of this writer. A demonstrated pattern of abuse could be interpreted from the victim's statement that she engaged in sexual intercourse with the subject on five or six separate occasions.
 {¶ 21} "According to the victim, the initial offense occurred because the subject forced himself upon her. She seemed to indicate that she attempted to resist. Force was used.
 {¶ 22} "Additional characteristics of concern are Mr. Bigsby's antisocial personality disorder, and the previously noted behaviors that are associated with that diagnoses. His lengthy legal history, which includes violent acts, could be considered significant. He did not appear to have significant substance abuse problems.
 {¶ 23} "It goes on to say he's not an appropriate candidate for outpatient sex offender treatment.
 {¶ 24} "The first issue we have to address, Mr. Baker, is the issue of what his sex offender classification ought to be. What troubles me the most is the continued violation of a fourteen-year-old girl, knowing her age. The threatening of force at the beginning. The psychologist's evaluation that he presents with an attitude of having sex with a female whenever he can regardless of their ages. And the fact that he presents moderate to high risk of re-offending, including sexual offenses. . . ." Transcript of September 19, 2005, Sentencing Hearing at pp. 6-8.
 {¶ 25} The trial court thus found by clear and convincing evidence that the appellant should be classified as a sexual predator. This finding is not diminished by the fact that the appellant has no other sexually oriented offenses. The Ohio Supreme Court held in State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, 743 N.E.2d 881, that "under certain circumstances, it is possible that one sexually oriented conviction alone can support sexual predator adjudication." Id. at 162. The Court cautioned that "one sexually oriented conviction, without more, may not predict future behavior." Id. However, as set forth above, the trial court based its determination of the appellant's sexual predator status upon more than simply the fact that the appellant had been charged with a sexually oriented offense.
 {¶ 26} We find that there is competent, credible evidence to support the findings of the trial court. Accordingly, we overrule the appellant's assignment of error, and affirm the decision of the trial court.
Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is Affirmed. Costs assessed to appellant.