OPINION
{¶ 1} Defendant-appellant Vincine L. Kinser appeals the trial court's adjudication of him as a sexual predator following his guilty plea to two counts of attempted rape and one count of gross sexual imposition. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND LAW {¶ 2} On October 7, 2005, appellant was indicted on four counts of rape in violation of R.C. 2907.02(A)(1), felonies of the first degree, and two counts of gross sexual imposition in violation of R.C.2907.05(A)(4), felonies of the third degree. The victim was the appellant's ten (10) year old daughter. Appellant voluntarily met with Detective Brian Lowe and gave Officer Lowe a statement in which appellant admitted the following.
 {¶ 3} Appellant stated he was approached by his daughter in May of 2005, around the time of her tenth birthday, at which time she asked him a question about masturbation. Appellant decided that in response to her question, he would show her what masturbation was by exposing his penis and masturbating in front of her. He stated that during this incident he also had his daughter grab his penis and masturbate him. A second incident occurred when, according to appellant, his daughter approached him and asked him what "eating out" meant. His response was to have her remove her pants, lie down on a bed, and lick her vagina several times in an up and down motion. A third incident occurred, according to appellant when his daughter asked him a question about oral sex. Appellant stated that his response to her question was to have her perform fellatio on him, at which time appellant stated that he ejaculated into his *Page 3 
daughter's mouth. A fourth incident occurred, according to appellant, when he exposed his penis to his daughter and had her grab it and jerk it up and down. Appellant's explanation for these activities was that since his ten year old daughter was asking him questions about sex, it was up to him to teach her about sex.
 {¶ 4} Appellant's daughter told Officer Lowe that appellant had shown her sexually explicit and graphic materials on the computer. She told Officer Lowe that the sexual conduct occurred with her father almost every weekend for several months when she visited him. She also described two incidents in which she was awakened by appellant while she was sleeping to find appellant between her legs "where her butterfly was" doing something that made her "butterfly" "feel funny".
 {¶ 5} On December 13, 2005, appellant, pursuant to a plea agreement with the State, entered guilty pleas to two amended counts of attempted rape, as second degree felonies, and one count of gross sexual imposition, as a third degree felony. The balance of the charges were dismissed pursuant to the plea agreement.
 {¶ 6} A sentencing/sexual predator classification hearing was conducted on March 1, 2006, at which time the appellant was sentenced to an aggregate term of sixteen years in prison and post-release community control for a period of five years. Appellant was also ordered to pay restitution, and attend and successfully complete sex offender counseling while incarcerated, if such a *Page 4 
program is available, as well as attend a sex offender treatment program following his release.
 {¶ 7} In addition, appellant was adjudicated a sexual predator. The appellant appeals the sexual predator adjudication, setting forth the following assignment of error:
 {¶ 8} "THE TRIAL COURT'S CLASSIFICATION OF DEFENDANT AS A SEXUAL PREDATOR IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 9} The appellant argues that the trial court erred in adjudicating him a sexual predator because he has no prior convictions, sexual or otherwise, and the offenses involved only one victim. We disagree.
 {¶ 10} R.C. 2950.09 sets forth Ohio's sexual-offender registration scheme, and provides for three classifications of sex offenders: habitual sex offenders, sexual predators, and sexually oriented offenders. A "sexual predator" is defined by R.C. 2950.01(E), which provides in pertinent part:
 {¶ 11} "(E) `Sexual predator' means a person to whom either of the following applies:
(1) The person has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. . . ."
 {¶ 12} In order to determine if an offender is likely to engage in sexually oriented offenses in the future, the trial court must consider all relevant factors, including those factors listed in R.C.2950.09(B)(3): *Page 5 
 {¶ 13} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims; (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a *Page 6 
sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 14} R.C. 2950.09(B)(4) provides that there must be clear and convincing evidence that the offender is a sexual predator before the classification may be imposed.
 {¶ 15} During the sexual predator portion of the March 1, 2006, sentencing/sexual predator classification hearing, the trial court stated as follows:
 {¶ 16} "The court finds that Mr. Kinser, of course, has been convicted and pled guilty to three sexually-oriented offenses. And now I'll address whether or not the evidence that was presented here shows by clear and convincing evidence that Mr. Kinser is likely to engage in the future in one or more sexually-oriented offenses.
 {¶ 17} "In determining this matter, the Court is required to consider all relevant factors, including the offender's age. Mr. Kinser is 38 years old. The offender's criminal record, which has been stated on the record here that Mr. Kinser has no prior criminal record. Whether the sexually-oriented offense for which the sentence is to be imposed involve multiple victims. The record indicates that there were no other known victims. Whether the offender used drugs or alcohol to impair the victim of the offense or to prevent the victim from *Page 7 
resisting. There was no evidence in that regard. Whether there was any mental illness or mental disability of the offender. There's no evidence to suggest that Mr. Kinser is mentally ill or that there was any mental disability that he has.
 {¶ 18} "However, this, in the Court's mind, is a factor which makes it more likely for Mr. Kinser, in fact, to engage in sexually-oriented offenses on the basis that it appears that Mr. Kinser was a person of sound mind and body. Yet, despite having his full faculties about him, he made the decision to, on at least four occasions, engage in sexual conduct with his own minor child. In the Court's view, it's more likely under those circumstances that Mr. Kinser may commit offenses like this in the future.
 {¶ 19} "Also, the Court's required to consider the nature of the offender's sexual conduct or interaction with the victim. That's been set forth explicitly on the record. And in the Court's judgment, this demonstrates a clear pattern of deliberate abuse on the part of Mr. Kinser for his minor child under circumstances where he repeated to engage in the conduct even though there was plenty of opportunity for him to not do so.
 {¶ 20} "The Court is also required to consider whether or not, during the commission of the offenses, the offender displayed cruelty or made one or more threats of cruelty. The Court does not find that there was any such evidence presented.
 {¶ 21} "The Court can also consider other information concerning the issue of whether it's likely that Mr. Kinser will commit sexually-oriented offenses in the future. The Court can consider whether or not the offender has sought out *Page 8 
and/or completed any sexual offender programs. There was no evidence in the record to indicate that Mr. Kinser sought out any type of sexual offender counseling.
 {¶ 22} "The Court can also consider whether or not there was acceptance of responsibility or remorse on the part of the offender. As indicated previously, Mr. Kinser, upon notification that he was the subject of criminal investigation, did come forward and give a statement to Detective Lowe. However, there appears to be some question about whether or not there was actual general remorse concerning, at that time, his conduct. I understand that Mr. Kinser, of course, has indicated here in court that he is sorry for his criminal behavior.
 {¶ 23} "The Court can also consider whether or not the offender used or possessed pornography. Under the strict legal definition of pornography, I don't know that there was any evidence in that regard. However, it's clear from Mr. Kinser's own statement in the record here that there was graphic sexual materials that were being viewed in his home at or about the time that some of these incidents took place.
 {¶ 24} "The Court can also consider the nature of the sexual behavior that was involved here and any other factors which apply. And as previously said, Mr. Kinser was in a position of authority. He used his position of authority of the child to his advantage here for his own sexual pleasures. Mr. Kinser was the victim's natural father. And as such, these sexual acts constitute incestuous sexual behavior. *Page 9 
 {¶ 25} "The Court finds that the fact that the Defendant was willing and able to give in to his own impulses to have oral sex and other types of sexual conduct with his own daughter is a strong indication that Mr. Kinser's desire for sex with the child was so strong that it overcomes even the natural inhibitions and outright aversion to engage in this type of sexual behavior.
 {¶ 26} "From this, the Court makes a reasonable inference that if the Defendant is unable to control his sexual impulses towards his own daughter, he would be all the more, perhaps, unwilling or unable to control his sexual desires with other female children not his relative.
 {¶ 27} "The Court places emphasis on all of these factors. And on the basis of determining and considering all of those factors and the evidence presented, the Court finds, by clear and convincing evidence, that Mr. Kinser is likely to engage in the future in one or more sexually-oriented offenses and classifies him as a sexual predator." See, transcript of March 1, 2006, sentencing/sexual predator classification at pp. 62-67.
 {¶ 28} R.C. Chapter 2950 has been deemed remedial, not punitive, in nature. See, State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570. Therefore, trial court decisions involving the application of Chapter 2950 are subject to an "against the weight of the evidence" standard of review. See, State v. Cox, Delaware App. Nos. 05CAA060041 and 05CAA070043, 2006-Ohio-2097, appeal not allowed by111 Ohio St.3d 1413, 2006-Ohio-5083, 85f4 N.E. 2d 1092, at ¶ 20. As such, ". . . if there is competent, credible evidence to support the factual findings of the trial court, we review only whether, after weighing the *Page 10 
evidence and resolving evidentiary conflicts and issues of credibility, the trial court properly applied the governing law to those factual findings." Id., citing State v. Griggs, Butler App. No. CA2001-08-194, 2002-Ohio-4375, at ¶ 5.
 {¶ 29} The trial court found by clear and convincing evidence that the appellant should be classified as a sexual predator. This finding is not diminished by the fact that the appellant has no record of prior sexually oriented offenses. The Ohio Supreme Court held, in State v.Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881, that "under certain circumstances, it is possible that one sexually oriented conviction alone can support sexual predator adjudication." Id. at 162. The Court cautioned that "one sexually oriented conviction, without more, may not predict future behavior." Id. However, as set forth above, the trial court based its determination of the appellant's sexual predator status upon more than simply the fact that the appellant had been charged with a sexually oriented offense.
 {¶ 30} We find that there is competent, credible evidence to support the findings of the trial court. Accordingly, we overrule the appellant's assignment of error, and affirm the decision of the trial court adjudicating appellant a sexual predator.
By: Edwards, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1