OPINION
{¶ 1} On March 18, 2005, Michael McKenzie entered pleas of guilty to two counts of Unlawful Sexual Conduct with a Minor, which were fourth degree felonies. R.C. 2907.04(B)(1). A third count charging the same offense was dismissed. While awaiting disposition, McKenzie was indicted for the same offense — allegedly committed April 22, 2005 — a second degree felony due to his previous pleas of guilty. R.C. 2907.04(B)(4). McKenzie pleaded guilty to this offense June 27, 2005, and the cases came on for final disposition August 1, 2005. After a sexual offender classification hearing and sentencing hearing, the trial court sentenced McKenzie to an aggregate sentence of two years and designated McKenzie a sexual predator.
 {¶ 2} McKenzie assigns error as follows:
 {¶ 3} "THE TRIAL COURT LACKED CLEAR AND CONVINCING EVIDENCE TO DECLARE APPELLANT A SEXUAL PREDATOR AS DEFINED BY O.R.C. 2550.09."
 {¶ 4} He states his issue for review as follows:
 {¶ 5} "DID THE TRIAL COURT ERR IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WHERE THE EVIDENCE BEFORE THE COURT WAS INSUFFICIENT TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS LIKELY TO COMMIT ANOTHER SEX OFFENSE AND THE TRIAL COURT FAILED TO DISCUSS THE FACTORS AND EVIDENCE ON THE RECORD?"
 {¶ 6} We will first discuss the sufficiency of the evidence and then the adequacy of the trial court's discussion of the R.C.2950.09(B)(3) statutory factors and evidence.
 I {¶ 7} A sexual predator is defined at R.C. 2950.01(E)(1) as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 8} The only witness on the issue of sexual offender classification was Dr.Susan Perry Dyer. She testified on direct as follows, essentially tracking the applicable statutory factors. McKenzie's age of nineteen increases the risk of recidivism. The best predictor of committing a sex crime in the future is past sex crimes. McKenzie's past record of a juvenile breaking and entering and a misdemeanor assault as an adult increased the risk of recidivism somewhat.
 {¶ 9} (The three victims in this case were fourteen-year-old girls who attended the same high school as McKenzie. The girls were freshmen and McKenzie was a senior). Dr. Dyer didn't think the age of the victims or their age relative to McKenzie's age were significant on the issue of recidivism. Although Dr. Dyer said the research did not support the notion that multiple victims increased the risk of recidivism, she elaborated on cross-examination that research studies lag behind clinical experience, and that given her clinical experience, multiple victims did heighten the risk of recidivism.
 {¶ 10} She testified that McKenzie demonstrated a pattern of abuse that heightened the risk of recidivism, and that the use of force with one of the victims increased the risk.
 {¶ 11} Dr. Dyer also expressed concern about (1) McKenzie's substance abuse because it "disinhibits" the abuser, (2) McKenzie's fascination with violence because of its potential for sadistic tendencies, (3) McKenzie's status as unmarried and unemployed as increasing the risk, and (4) the fact that McKenzie's offenses appeared to have involved planning.
 {¶ 12} On cross, Dr. Dyer conceded that with men aged 18-19, it is difficult to determine whether an element of deviance is present because of sexual activity with 14-15-year-old girls, and that deviance is easier to determine where sexual activity with young girls of this age continues as the men grow older.
 {¶ 13} She testified that McKenzie knew his conduct that led up to the later indictment was inappropriate because it took place after he pleaded guilty to the same offenses and was awaiting disposition on those charges. She said that McKenzie exhibited no mental illness or retardation that would increase the risk of recidivism, but that he did exhibit antisocial traits that did increase the risk of recidivism. As noted above, she expressed her opinion that McKenzie's having multiple victims was clinically significant on the issue of increased risk of recidivism. She also conceded that the literature is in conflict as to whether the use of force increases the risk of recidivism.
 II. {¶ 14} On the question of whether the evidence was sufficient, the issue for us is whether the trial court could reasonably find that the evidence that McKenzie was likely to commit a sexually oriented offense in the future was clear and convincing. R.C. 2950.09(B)(4).
 {¶ 15} In arguing that the evidence was insufficient, McKenzie contends that the closeness of his age to that of the victims "weighs against designating (him) a sexual predator." This is not contrary to Dr. Dyer's testimony or the court's findings, infra. He next contends that all of the sexual encounters were consensual. While this may be true of two of the victims, there is record support for Dr. Dyer's testimony that force was used upon the third victim. Dr. Dyer thought force did increase the risk of recidivism.
 {¶ 16} McKenzie next points to Dr. Dyer's testimony that it is difficult to determine if someone of his age would offend again. While such a determination may be difficult, it is not impossible, particularly in this case where, as the trial court observed, infra, McKenzie fit himself within the definition of sexual predator by committing another sexually oriented offense after having pleaded guilty to two sexually oriented offenses just five weeks earlier.
 {¶ 17} McKenzie argues that Dr. Dyer opined that his non-sex offense criminal record was irrelevant on the issue of recidivism, but Dr. Dyer testified that "those factors (i.e. criminal record), I believe, increase risk. . . ."
 {¶ 18} McKenzie next claims that the State's evidence is insufficient because it only presented the testimony of Dr. Dyer and did not "identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history. . . ." citing State v. Eppinger (2001),91 Ohio St.3d 158, 166.
 {¶ 19} It is true that the items specifically mentioned inEppinger were not before the court in this case. There was, however, no trial transcript. Dr. Dyer appears to have familiarized herself with the information packet prepared by the prosecutor's office pertaining to the offenses. She conducted an interview with McKenzie and administered two psychological assessment tests to him. There seems to have been no doubt about his criminal record. Dr. Dyer testified on the basis of the information packet, her interview with and testing of McKenzie, and McKenzie's record.
 {¶ 20} The purpose of the Eppinger "requirements" is to create a record for review. Id at 166. McKenzie does not enlighten us as to how the record before us is inadequate for us to perform our appellate function in this case: to determine whether a reasonable fact finder could find that the evidence was clear and convincing that he is likely to commit a sexually oriented offense in the future.
 {¶ 21} In our judgment, the record is adequate to enable us to perform our appellate function. Furthermore, we conclude that the trial court reasonably determined that McKenzie is a sexual predator by clear and convincing evidence, the most compelling reason for our conclusion being that McKenzie showed himself to be a sexual predator by committing a sexually oriented offense five weeks after pleading guilty to two sexually oriented offenses.
 III. {¶ 22} McKenzie also asserts that the trial court's discussion of the evidence and statutory factors were deficient under Eppinger, which stated at 158:
 {¶ 23} "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." [These factors are now located in R.C.2950.09(B)(3)].
 {¶ 24} The court's discussion of the statutory factors and evidence was, in its entirety, as follows:
 {¶ 25} "Taking into consideration of all the factors that are required by the legislature, maybe more importantly the testimony of Dr. Perry Dyer, including an increased risk for age, an increase in risk for — a rather high increase in that case — an increase in risk for a prior, prior records. Keep in mind that, by the time he had committed a third offense, he did have a prior record for sex offenses.
 {¶ 26} "Looking at the, specifically, the multiple victims, whether it's considered under the legality of the statute or not, there were multiple victims. I'm not talking about pattern of abuse necessarily, but I'm talking about the fact that there were multiple victims and multiple occasions particularly, but the most recent one occurred after the defendant was already involved in the first two, in the court system in the first two, he continued his pattern of offense. That alone makes me believe that this is more likely to occur in the future.
 {¶ 27} "In fact, I can go down all the rest of the antisocial, his antisocial behavior, which increases the risk, the force that increases the risk, his drug use could increase the risk, or his sadistic tendencies, which you mentioned, which increases the risk very much. He's unmarried, he's unemployed. All those do it.
 {¶ 28} "But, boy, I'll tell you the one that puts me over the top, from going from even very convincing to beyond a reasonable doubt, is the fact that he did it again, again. This guy's clearly a sexual predator if there ever was one. Therefore, I find that the defendant is a sexual predator."
 {¶ 29} It is quite apparent that the trial court did little more than adopt Dr. Dyer's testimony as to those factors that in her judgment increased the risk of recidivism, and further observed that McKenzie had fulfilled the "likelihood" component of the sexual predator definition by actually committing another sexually oriented offense after having recently pleaded guilty to two such offenses.
 {¶ 30} Bearing in mind that the discussion requirement imposed upon trial courts by Eppinger is to "aid appellate courts in reviewing the evidence on appeal. . . .," Id. 167, we are satisfied that the trial court discussed the factors and evidence sufficiently to enable us to perform our appellate review.
 {¶ 31} The assignment of error is overruled.
 {¶ 32} The determination that McKenzie is a sexual offender will be affirmed.
Brogan, J. and Valen, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).